# Exhibit 11

WI Department of Justice

http://www.doj.state.wi.us/news/2008/nr102808_06.asp



# WISCONSIN DEPARTMENT OF JUSTICE

**ATTORNEY GENERAL J.B. VAN HOLLEN**

DOJ Home

SEARCH [          ] GO



**DOJ Home**
**About DOJ**
**Site Map**
**Contact**








**Missing Persons**



## News Room

Search News
Search Tips

**by Date...**

◊ 2008 Releases
◊ 2007 Releases
◊ 2006 Releases
◊ 2005 Releases
◊ 2004 Releases

**News Contact**
William A. Cosh
(608)266-1221

Featured NEWS Archive
Photos, Graphics and Front
Page Boxed Items of
Interest;

### VAN HOLLEN ANNOUNCES DEPARTMENT OF JUSTICE ELECTION DAY ACTIVITIES TO ENSURE RIGHT TO VOTE AND COMPLIANCE WITH STATE ELECTION LAWS

FOR IMMEDIATE RELEASE:
October 28, 2008

MADISON – Attorney General J.B. Van Hollen announced today that as a part of his election integrity efforts the Wisconsin Department of Justice will be sending assistant attorneys general and special agents from the Division of Criminal Investigation to various locations around the state on Election Day (Tuesday, November 4, 2008), to ensure compliance with state laws governing elections.

These assistant attorneys general and special agents have been trained on election law, voting rights and the responsibilities and rights of election observers and are prepared to assist state and local election officials as well as law enforcement.

"An individual's right to vote and have that vote counted is the foundation of our democratic system," said Van Hollen. "Citizens also have a right to vote in fair elections, untainted by election fraud. The Department of Justice is committed to ensuring that every citizen's right to vote in a fair election is protected."

The Department of Justice will be working with district attorneys, law enforcement authorities, and state and local election officials across the state on election day. The department will also be working in Milwaukee county as part of an elections task force with the Milwaukee County District Attorney and the Milwaukee Police Department.

If citizens have questions regarding how to register to vote, how to obtain an absentee ballot, early voting and where to vote, they should contact the Wisconsin Government Accountability Board at (608) 266-8005 or gab@wi.gov, or their local municipal clerk which can be found at http://elections.state.wi.us/docview.asp?docid=10506&locid=47.

Persons with problems or complaints about their voting experiences should contact the Government Accountability Board at (608) 266-8005.

This page created by the Department of Justice. All text, images or associated items are property of the Department of Justice, and may only be reproduced with the consent of the Department of Justice.
**DOJ HOME** | **PRIVACY POLICY** | **CONTACT DOJ**

# Exhibit 12



# Department of Justice

**FOR IMMEDIATE RELEASE**
**Tuesday, September 23, 2008**
**WWW.USDOJ.GOV**

CRT
**(202) 514-2007**
**TDD (202) 514-1888**

## Statement of Acting Assistant Attorney General Grace Chung Becker Regarding the Decision Not to Utilize Criminal Prosecutors as Monitors in Polling Places on Election Day

"On Election Day, the primary responsibility of the Civil Rights Division is to ensure all eligible voters are able to cast their ballot in an environment free of discrimination, suppression or intimidation. The Division has and will use every statute within its purview to provide all voters with a free and fair electoral process.

"On November 4, 2008, hundreds of federal government employees will be deployed in counties, cities and towns across the country to monitor polling places and to ensure compliance with federal voting statutes. In light of questions we have been asked regarding who will serve as election monitors, I want to inform the public that no criminal prosecutors will be utilized as election monitors on Election Day this year. This decision was made as a precaution and is not the result of any instance of intimidation or complaint regarding any specific incident."

###

08-849

# Exhibit 13

TRAIL TIP LINE
E-mail The Trail

## THE FACT CHECKER

**Obama's Spending Cuts**
Promises to cut government spending are pretty much worthless unless accompanied by convincing explanations of how precisely they will be implemented. Obama has failed this basic test. ( 7:39 PM ET) | More »

**DAN BALZ'S TAKE**

Obama's Early Vote Push



**Political Landscape**
State-by-State Coverage of the Fall Elections »

**MORE '08 BLOGS**

The Fix | Channel '08

**ARCHIVES**

Day | Week | Category

**GET MORE TRAIL**

The Trail on Facebook
The Trail Twitter Feed
RSS Feed



**RECENT POSTS**

McCain Warmly Welcomed in Granite State Town Hall

In Fla., Biden Bridles at Being Prompted

About That Wednesday Press Conference...

McCain in Pennsylvania: I'm a 'Coal Booster'

Obama Shoots for an Ohio Win with a Final Day in the State

McCain to Return to

BATTLEGROUNDS

# A Wis. Call for GOP Poll Watchers Draws National Notice

*By Mary Pat Flaherty*
The Wisconsin Republican Party has issued a call for volunteer poll watchers for Election Day, and the criteria is a little specific, seeking especially folks made of sterner stuff.

Jonathan Waclawski, the party's election day operations, wrote in a Sept. 8 e-mail that he needed contact information for people "who would potentially be willing to volunteer ... at inner city (more intimidating) polling places. Particularly, I am interested in names of Milwaukee area veterans, policemen, security personnel, firefighters etc. ... If you have any connections with such organizations, please pass that information on."

The e-mail fell into the hands of an Obama supporter, who passed it to the Obama campaign, who released it today after a news conference with its campaign director and general counsel, who discussed voter registration, voter education and voter protection.

The Obama team pointed to Waclawski's e-mail as ground-level tactics that could create concerns among voters.

"This is much ado about nothing. I don't see anything wrong with this," said Kirsten Kukowski, a spokeswoman with the Wisconsin GOP. "Intimidating was referring to the polling places, not to poll watchers who would be intimidating," she said. "The way I read this we are looking for people to go to intimidating places.

"We are not going to send an 80-year-old woman from the suburbs, who has been making calls for us, into the city where she is not used to driving, not used to parking, not used to finding her way," Kukowski said. "It is an incredible leap to say from what is in that e-mail that we are looking for big people at the polls. No way does it say that."

She said the release of the e-mail was an attempt by the Obama campaign to draw attention away from voter registration fraud problems. The Democrats had said earlier in the day that the GOP focus on such problems were intended to draw attention away from efforts to tamp down turnout.

The categories of people solicited in that e-mail, Kukowski said, "know the city and are more prepared to be working under those circumstances."

The party needs poll watchers in every county, she said, "and we reach out to everybody." She said she did not know how many poll workers volunteered after the e-mail went out.

"I'm very surprised the Obama campaign would give this out," Kukowski said. "But that is good to know."

Posted at 9:08 PM ET on Oct 14, 2008 | Category: Battlegrounds
Share This: ☆ Technorati | Tag in Del.icio.us | Digg This
Previous: More Ayers on Wednesday Night? | Next: Biden Turns Up Heat on McCain in Ohio Stops

### Add The Trail to Your Site
Be the first to know when there's a new installment of The Trail. This widget is easy to add to your Web site, and it will update every time there's a new entry on The Trail.
**Get This Widget >>**

Advertisement



Ads by Google

**Stop Voter Suppression**
Protect your vote. Make sure your vote is counted on Election Day.
aternet.org

**Defeat Democrats in '08**
Support the RNC Today! Help Elect Republicans in 2008. Donate Now.
GOP.com/SupportTheRNC

**NYU Elections 08 Research**
Why Do People Vote The Way They Do? Help Us Understand Voting Behavior
www.psychsurveys.org/2008elections

# Exhibit 14

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MONTANA DEMOCRATIC PARTY, as an organization and representative of its members, JOSEPH BREITENBACH and CYNTHIA ANNE GREEN, | ) ) ) ) ) | CV 08-141-M-DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| JACOB EATON, MAX HUNSAKER, MONTANA REPUBLICAN PARTY, and BRAD JOHNSON in his official capacity as Montana Secretary of State | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

>   If liberty and equality, as is thought by
>   some, are chiefly to be found in democracy,
>   they will be best attained when all persons
>   alike share in the government to the utmost.
>
>                                    – Aristotle
>
>   If we do not provide time for the
>   consideration of people and events in depth,
>   we may end up training another generation of
>   television adults who know what kind of toilet

> paper to buy, who know how to argue and
> humiliate others, but who are thoroughly
> incapable of discussing, much less dealing
> with, the major social and economic problems
> that are tearing America apart.

- Herbert Kohl, Educator[1]

In this case, the Montana Democratic Party and two named electors seek a temporary restraining order, a preliminary injunction, and a declaratory judgment that recent actions by operatives of the Montana Republican Party violate state and federal law. The problem here is whether the actions of Defendants – the Executive Director and Legislative Director of the Montana Republican Party – in filing *en masse* challenges to the right to vote of 6,000 Montana citizens who are registered voters, and Secretary of State Brad Johnson's response to these challenges, are violations of federal law to which this Court is empowered to provide a remedy. The relief sought is pursuant to the National Voter Registration Act, the Fourteenth Amendment's Equal Protection Clause, and 42 U.S.C. §§ 1983, 1985, and 1971. The National Voter Registration Act, enacted by a Congress composed of Republicans and Democrats, is intended to "increase the number of eligible citizens who register to vote in elections for federal office" and to ensure that states may "enhance[] the participation of eligible citizens as voters." 42 U.S.C. § 1973gg (b)(1)-(2). Ostensibly justified by their concern for the

---

[1] <u>Moyers on Democracy</u>, Bill Moyers, p.85.

-2-

integrity of the electoral system, the individual defendants[2] have apparently filed false affidavits with the express intent to disenfranchise voters in counties that have historically tipped toward the Democratic party.

## I

Montana law, Mont. Code Ann. § 13-13-301(1), allows any registered elector to challenge any other "elector's right to vote" by "filling out and signing an affidavit stating the grounds of the challenge and providing any evidence supporting the challenge to the election administrator[.]"  The Executive Director of the Montana Republican Party, Jacob Eaton, filed over 6,000 challenges to fellow citizens' voting rights.  Some of the challenged voters have provided sworn testimony demonstrating that Eaton's concern for integrity is of a limited scope, and does not extend to the affidavits he filed requesting the cancellation of their voter registration.  According to the record, Eaton plans to file more challenges across the state of Montana before election day.  See Pl. Ex. A to Mot.  His public expressions of concern for the integrity of the democratic process and for the rights of his fellow Montanans notwithstanding, these challenges do not appear directed at the

_____

[2] Secretary of State Brad Johnson is not included in this reference.  Review of the pleadings and attachments show an effort on his part to avoid partisan decision-making and a good faith attempt at complying with state law.

-3-

state-wide voting population, but rather at select counties that
likely contain concentrations of Democratic voters.

The Montana Legislature has established a process for
evaluating voter challenges.  Part of that process is set forth
in Mont. Code Ann. § 13-1-111, which provides that "a person may
not vote at elections unless the person is . . . a resident of
the state of Montana and of the county in which the person offers
to vote for at least 30 days . . . ."  Determined to prevent the
Hobbesian nightmare sure to ensue if voters' mailing addresses do
not match their residential addresses, Eaton employed an auditor
to pore over the United States Postal Service's change of address
registry, and to compare the names in it to the names on voter
rolls in some Montana counties.  A self-described guardian of the
integrity of a political system designed to guarantee the right
of the people to govern themselves, Eaton targeted counties with
young and likely Democratic voters, who might have changed their
mailing addresses without changing their voter registration
information.  The challenge theory must be that such voters might
compromise the democratic process by going off to college or
serving in the military overseas, and forwarding their mail to
their new location or to a family member – both examples of
voters Eaton challenged.  (Pl. Ex. B-2 to Mot.; Pl. Ex. C to
Mot.).

In his zeal to protect what he sees as Montana's fragile

-4-

democracy from these transient hordes, Eaton ignored the very law

that answers his challenges.  How can one so concerned with the

integrity of the State's democratic process be adept at invoking

the law to keep people from voting, without realizing that the

same law renders his claim meritless if not frivolous?  Montana

Code Annotated § 13-2-512 states:

> An elector who has changed residence to a
> different precinct within the same county and
> has failed to notify the election
> administrator of the change by a transfer or
> new registration form may vote in the precinct
> where the elector is registered at the first
> election at which the elector offers to vote
> after the change[.]

In other words, even if a registered voter moves and overlooks

the requirement of notifying the election administrator of the

change, the voter still gets to vote.

The *procedural effect* of Eaton's challenges to his fellow

citizens' voting rights is not addressed by the statute.

Importantly, it is the procedural effect of Eaton's challenges

that raises the issues here.  Montana law provides that when a

citizen challenges another citizen's right to vote prior to the

close of registration, "the election administrator shall question

the challenger and the challenged elector and may question other

persons to determine whether the challenge is sufficient or

insufficient to cancel the elector's registration."  Mont. Code

Ann. § 13-13-301(3).  When a challenge is made after the close of

registration or on election day, "the election administrator or,

-5-

on election day, the election judge[,] shall allow the challenged
elector to cast a provisional paper ballot." Id.  One can
imagine the mischief an immature political operative could inject
into an election cycle were he to use the statutes, not for their
intended purpose of protecting the integrity of the people's
democracy, but rather to execute a tawdry partisan ploy.  Voters
might be intimidated, confused, or even discouraged from voting
upon receiving notice that their right to vote – the most
precious right in a government of, by, and for the people – has
been challenged.  The mess created for those volunteers and
elected officials dedicated to preserving the integrity of the
system is nearly unimaginable in terms of the time and expense
necessary to deal with such blanket challenges.

     In light of the statute cited above, it appears that some of
the sworn affidavits Eaton filed (the exemplars Plaintiffs
submitted as exhibits) falsely assert that electors are not
qualified to vote under state law.  See Pl. Ex. B, B-2 to Mot.
Nonetheless, for those voters Eaton has challenged, regardless of
the truthfulness of his claims, the law requires the counties in
which the challenges are filed to respond.  See Mont. Code Ann. §
13-13-301.  Based on the filings before the Court, it appears
that the county clerk and recorder sends a letter to a challenged
voter, notifying the voter of the challenge and instructing the
voter how to respond.  Eaton has thus positioned thousands of

-6-

Montana voters, who have only changed their mailing addresses, to receive notice from county officials that their right to vote has been challenged and that they need to take some action in response to the challenge, even though the challenge may be meritless.  Plaintiffs contend this violates federal law.

As explained below, at this early stage of these proceedings the Court cannot agree with this contention.  But, this does not end the inquiry.  Also explained below, the Secretary of State's "Challenge Resolution," a review of statutes and administrative rules designed to help counties evaluate challenges like those at issue here, appears to create the potential for serious violations of state and federal law when a challenged elector offers to vote.  See Pl. Ex. J.  While, at this time, I find Plaintiffs' arguments unpersuasive that the actions of the Montana Republican Party officials and the Secretary of State violate federal law and warrant immediate injunctive relief, the mischief Eaton has injected into Montana's electoral process may have brought to light significant violations of state and federal law, and the consequences of these violations should not rest on the shoulders of citizens seeking to vote.

## II

Issuance of a temporary restraining order is governed by Fed. R. Civ. P. 65(b)

> The court may issue a temporary restraining
> order without written or oral notice to the

> adverse party or its attorney only if specific
> facts in an affidavit or a verified complaint
> clearly show that immediate and irreparable
> injury, loss, or damage will result to the
> movant before the adverse party can be heard
> in opposition; and the movant's attorney
> certifies in writing any efforts made to give
> notice and the reasons why it should not be
> required.

Plaintiffs' counsel has certified in writing that they attempted to contact Defendants prior to filing their Motion for Temporary Restraining Order. See dkt # 1 at 2-3. As has been made public at this point, nearly 6,000 letters to challenged voters were scheduled to go out the day the request was filed, thus prompting Plaintiffs to invoke Rule 65(b). Apparently in response to the filing of Plaintiffs' complaint, the Secretary of State has astutely directed the involved counties to refrain from sending the letters of challenge. Consequently, the allegedly immediate and irreparable injury Plaintiffs' motion addresses is not as immediate as it first appeared.

Nevertheless, it is still necessary to address the substance of Plaintiff's motion and complaint. There seems to be meat on the bones of Plaintiffs' argument, so, pursuant to Fed. R. Civ. P. 65(a)(2), Defendants will be required to respond. All parties will appear at a hearing on the Motion for Preliminary Injunction on October 14, 2008 at 9:00 a.m. The parties shall be prepared to 1) argue the merits of their respective positions in light of the reasoning set forth in this Order, and 2) present evidence in

support of their respective positions.

### III

### A.

The National Voter Registration Act, 42 U.S.C. § 1973gg *et
seq.*, recognizes that states implement programs to periodically
clear their voter rolls of stale information to ensure current
and accurate voter registration information.  The Act requires
states to "conduct a general program that makes a reasonable
effort to remove the names of ineligible voters from the official
lists of eligible voters . . .".  42 U.S.C. § 1973gg-6(a)(4).
The Act recognizes as well that if such programs are not tailored
to protect the right of citizens to vote, eligible voters might
be improperly removed from official voter lists.  So, the Act
establishes limits on the processes states may use to purge their
voter rolls of ineligible voters.  Under Federal law, while
subsection (c)(1)(A) of § 1973gg-6 expressly allows a state to
consider "change-of-address information supplied by the U.S.
Postal Service to identify registrants whose addresses may have
changed," subsection (c)(2)(A) expressly prohibits a state from
conducting any program to identify ineligible voters any less
than 90 days before an election for federal office.  Moreover,
the Federal Act provides,

> A State shall not remove the name of a
> registrant from the official list of eligible
> voters in elections for Federal office on the
> ground that the registrant has changed

> residence unless the registrant confirms in
> writing that the registrant has changed
> residence to a place outside the registrar's
> jurisdiction in which the registrant is
> registered; or has failed to respond to a
> notice described in paragraph (2) [of the same
> subsection]; and has not voted or appeared to
> vote (and, if necessary, correct the
> registrar's record of the registrant's
> address) in an election during the period
> beginning on the date of the notice and ending
> on the day after the date of the second
> general election for Federal office that
> occurs after the date of the notice.

Simply put, a state cannot prevent a citizen from voting on the
ground that the citizen has changed his or her address.  This
rule is subject to exceptions but it is designed to protect the
citizen's right to vote for at least two federal election cycles
while the citizen updates his or her registration information.
The idea is to promote voting while allowing states, in limited
circumstances and after the passage of time, to purge voter lists
of lazy, incompetent or deceased voters.

　　If the State of Montana, instead of the Montana Republican
Party, engaged in the conduct that has created this controversy,
its actions would violate the Federal Voter Registration Act.
Consider this: Eaton's challenges were filed well inside the 90-
day moratorium on clearing voter rolls, and they are predicated
on bases the Act declares illegal.  See, e.g., Pl. Ex. B to Mot.
The timing of the challenges is so transparent it defies common
sense to believe the purpose is anything but political chicanery.
If Eaton was truly concerned about systemic integrity, and not

electioneering, his issues could have been raised much earlier.
Eaton is, according to his own statements, attempting to
accomplish what the Act prohibits the State of Montana from doing
- ensuring the accuracy of voter rolls less than 90 days before
an election on the sole basis of change-of-address information.
The Act places these restrictions on states for the very reason
this case is now before the Court: using change-of-address
information to purge voter rolls less than 90 days before an
election creates an unacceptable risk that eligible voters will
be denied the right to vote.

Plaintiffs argue that Montana law allows the State, in
response to challenges like those Eaton has filed, to remove
registrants from voter rolls, and therefore Montana law runs
afoul of the limits the Voter Registration Act establishes.
Where state and federal law conflict, the Supremacy Clause of the
Constitution mandates that federal law trumps state law.
Plaintiffs thus ask for a declaratory judgment that the Montana
laws enabling the challenges Eaton has filed are void under
federal law.  In my view, it is not clear from the filings before
me that the argument is sound.  While it is clear that if Eaton
were the State, or acting as an agent of the State of Montana,
his actions would be illegal, it is not clear whether Secretary
of State Johnson's response to the voter challenges at issue here
is illegal.  In other words, while Eaton and the Montana

-11-

Republican Party are abusing the process the State of Montana has provided to ensure the accuracy of voter rolls (indeed, they are using the process designed to protect the integrity of the political process to undermine it), this partisan ploy is not necessarily a violation of federal law by the State of Montana.[3]

On the question of the State's involvement, the pertinent document before the Court is the Secretary of State's "Challenge Resolution."  Pl. Ex. J. To Mot.  The Secretary's Resolution is a review of statutes and administrative rules.  Its stated purpose is "to review the statutes and rules that may help [county election officials] to resolve any challenge to a voter's registration."  The document cites a state administrative regulation expressing the general principle against which challenges are evaluated:  "Any challenge made under this rule shall be decided in favor of the challenged elector, unless it is demonstrated by a preponderance of the evidence that the challenged elector should not be permitted to vote."  ARM 44.3.2019(6).

The Resolution also addresses the specific type of challenge at issue here.  It cites Mont. Code Ann. § 13-1-112(8), which

---

[3] The fact that the Secretary of State has directed counties not to send challenge letters at this time perhaps indicates his awareness of the problems for the State of Montana, as they relate to violations of federal law, that Eaton's abuse of the political process may have exposed.

-12-

states that "[a] change of residence may be made only by the act
of removal joined with intent to remain in another place."  The
guide also addresses the effect of a change of address on an
elector's registration status:

> A change of post office address is not
> conclusive proof of a change of residence and
> can be rebutted by an elector's proof of
> intent to remain at the registration
> residence in the voting process, as described
> below.  Therefore, while additional evidence
> should be weighed by the preponderance of
> evidence standard, a postal change of address
> form by itself is insufficient to cancel the
> registration, especially of an elector who
> confirms his residence in the voting process.

These last two sentences of the guide present a critical
problem.  While Mont. Code Ann. § 13-1-112(8) states that a
change of residence "may be made only by the act of removal
joined with intent to remain in another place," the Secretary of
State's instructions to county officials could be construed to
require a voter challenged on the basis of change-of-address
information to rebut a presumption of changed residence with
"proof of intent to remain at the registration residence[.]"
Because the federal National Voter Registration Act makes it
illegal to deny an elector his or her vote based on a change of
address, subject to limited exceptions not implicated here, if
Montana county election officials are required, or even allowed,
to compel an elector challenged on the basis of change-of-address
information to prove anything, there is a violation of federal

-13-

law.

By virtue of Montana law, when a citizen challenges another citizen's right to vote prior to the close of registration, "the election administrator shall question the challenger and the challenged elector and may question other persons to determine whether the challenge is sufficient or insufficient to cancel the elector's registration." Mont. Code Ann. § 13-13-301(3). Under the Federal National Voter Registration Act, the challenges Eaton has filed are *per se*, that is, on their face, insufficient to cancel an elector's registration. While the Secretary's Resolution seems to echo this conclusion when it says that "a postal change of address form by itself is insufficient to cancel the registration," the apparent certainty of this instruction is undermined by the next phrase, "especially of an elector who confirms his residence in the voting process." A voter cannot be required to confirm his or her address under these circumstances. The elector must be allowed to vote by regular ballot, or there is a violation of the National Voter Registration Act.

The process the Secretary's Resolution prescribes for evaluating the three "Categories of Challenged Electors" further confuses the State's response to challenges like those Eaton filed against the 6,000 Montana voters. It is not clear, from the plain language of the Secretary of State's instructions, whether an election administrator has discretion to deny an

-14-

elector the opportunity to vote because of a challenge based on
change-of-address information, or whether an election
administrator must allow the challenged elector to vote.  For
example, for the "first category" of challenged electors – i.e.,
electors a challenger claims filled out change-of-address forms
for an in-county address change, but whose postal addresses
allegedly do not match the residence addresses on file with the
county – the Resolution states a county official reviewing the
challenge "may . . . determine . . . that the challenge should be
resolved in the elector's favor."  The use of the word "may"
indicates that the county official has discretion to accept or
reject the challenge.  Such an interpretation of the law is
wrong.  Anything other than an unqualified rejection of the
challenge would violate federal law.[4]

    Eaton's challenges are meritless under federal law.  It is

---

[4]    It would appear to violate state law as well, due to
the Montana Code Annotated's explanation of what qualifies as a
change of residence.  See Mont. Code Ann. §§ 13-1-112(8).
Section 13-2-512 of the Code, discussed infra, seems to
conclusively establish that anything other than a rejection of a
challenge based on change-of-address information would violate
state law:

> An elector who has changed residence to a
> different precinct within the same county and
> has failed to notify the election
> administrator of the change by a transfer or
> new registration form may vote in the precinct
> where the elector is registered at the first
> election at which the elector offers to vote
> after the change or at a central location
> designated by the election administrator[.]

not within the power of this Court, however, to compel Eaton or
anyone else to demonstrate a healthy respect for the rule of law
and its role in a democratic political community.  The
responsibility for preventing such a cynical use of state law by
a private citizen or political party lies with the voters
themselves.  But, if the State's procedure for evaluating voter
challenges allows a county election official to conclude that any
voter Eaton has targeted on the basis of change-of-address
information cannot vote, or that the elector has to prove
anything before he or she is allowed to vote, the State would
then be in clear violation of federal law.  It is possible, of
course, that my interpretation of the Secretary of State's
instructions are incorrect.  There is enough of a question to
warrant a hearing at which the parties may present evidence and
argue the issue.

**B.**

Plaintiffs argue that challenged voters are subject to
processes peculiar to the county in which they are challenged,
and that disparate treatment across counties violates the Equal
Protection Clause of the Fourteenth Amendment.  They claim that
Mont. Code Ann. § 13-13-301 is ambiguous and "opens the door to
voters being treated differently . . . ."  Plaintiffs' argument
might be better presented in state court as a challenge under
Mont. Code Ann. § 13-1-201, through which the people of Montana

-16-

have imposed on the Secretary of State the duty, as chief
election officer, to "obtain and maintain uniformity in the
application, operation, and interpretation of the election
laws[.]"

Reading §§ 13-1-201 and 13-13-301 together, Plaintiff's
argument, to the extent it appears to be a facial challenge to
Mont. Code Ann. § 13-13-301, is not well taken.  As discussed
*infra* at **III A.**, the question here is whether the voters against
whom Eaton has filed his meritless challenges are subjected to
illegal procedures by county election officials at the direction
of the Secretary of State.  Plaintiffs will have an opportunity
to show they are at the hearing.

**C.**

Plaintiffs argue that the Montana Republican Party's *en
masse* challenges to the right of Montanans to vote violates 42
U.S.C. § 1983.  Nothing in the pleadings indicates that Eaton,
when he filed his challenges, was acting under color of state
law.  Plaintiffs argue that because of Eaton's actions,
"thousands of voters from across Montana may soon receive
notification *from the state* that their voter registration is in
doubt," and therefore his actions are "fairly attributable to the
state."  As noted *infra* at **II**, however, apparently the Secretary
of State has directed counties not to send the challenge letters.
As already discussed *infra* at **III A.**, the question of state

-17-

action is pertinent here because the counties' procedures for dealing with Eaton's challenges, at the direction of the Secretary of State, may violate federal law.

### D.

Plaintiffs claim that Defendants have violated 42 U.S.C. § 1985(3). This claim is foreclosed by the settled rule in the Ninth Circuit that "section 1985(3) is extended beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). Under Ninth Circuit law, to state a claim under section 1985(3), Plaintiffs must show that "the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." Id. The National Voter Registration Act protects voters generally. Plaintiffs claim that Defendants' actions here interfere with likely Democratic voters, without providing any authority for the proposition that likely Democratic voters are a suspect class section 1985(3) contemplates. It is not likely that Plaintiffs could succeed on this legal theory.

### E.

Likewise, it is unlikely that the facts Plaintiffs allege

give rise to a colorable claim under 42 U.S.C.§ 1971.

IV

In accordance with the foregoing,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Temporary Restraining Order (dkt # 1) is DENIED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 65(a)(2), the parties shall appear, in person, at a hearing on Tuesday, October 14, 2008, at 9:00 a.m., at the Russell Smith Courthouse in Missoula, Montana.  The parties shall be prepared to argue the merits of their respective positions regarding Plaintiffs' request for declaratory judgment and injunctive relief in light of the reasoning set forth in this Order, and to present evidence in support of their positions.

IT IS FURTHER ORDERED that each party shall, on or before Friday, October 10, 2008, at 12:00 noon, file with the Court a brief consisting of no more than five (5) pages, exclusive of documentary exhibits, concisely setting forth their positions and notifying the Court of any witnesses they intend to call at the hearing.

Dated this 8th day of October, 2008 @ 15:15 p.m.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

-19-

# Exhibit 15

## OATH OF PERSON ENTERING CHALLENGE

### State of Florida

### County of Glades

*10-24-08 deemed by invalid by Elections Div of Harbor*

I do solemnly swear or affirm that:

My name is:  Robert A. Wilson

That I am a member of the Republican party;

That I am a registered voter or poll watcher; that my residence address is:

3852 East County Road 720 Moore Haven, Florida  33471

and that I have reason to believe that an attempt to vote in Glades County by

See Attached Spread Sheet

is illegal and the reasons for my beliefs are set forth herein to wit:

Deceased, Moved out of county, Bad Address Not In compliance with Florida State
Statues Title IX Electors and Elections  97.1031 Notice of change of address, change of
name, or change of party affiliation  97.041 Qualifications to register or vote  101.045
Electors must be registered in precinct; provisions for change of residence or name--
See Attached Spread Sheet

(Signature of person challenging voter)

Sworn and subscribed to before me this 17 day of October, 2008 .

(Clerk of election)

Select Year:  2008 ▾  Go

## The 2008 Florida Statutes

| Title IX | Chapter 97 | View Entire |
|---|---|---|
| ELECTORS AND | QUALIFICATION AND REGISTRATION OF | Chapter |
| ELECTIONS | ELECTORS | |

**97.1031 Notice of change of residence, change of name, or change of party affiliation.--**

(1)  When an elector moves from the address named on that person's voter registration record to another address within the same county, the elector must provide notification of such move to the supervisor of elections of that county. The elector may provide the supervisor a signed, written notice or may notify the supervisor by telephone or electronic means. However, notification of such move other than by signed, written notice must include the elector's date of birth. An elector may also provide notification to other voter registration officials as provided in subsection (2). A voter information card reflecting the new information shall be issued to the elector as provided in subsection (3).

(2)  When an elector moves from the address named on that person's voter registration record to another address in a different county but within the state, the elector seeks to change party affiliation, or the name of an elector is changed by marriage or other legal process, the elector shall provide notice of such change to a voter registration official using a voter registration application signed by the elector. A voter information card reflecting the new information shall be issued to the elector as provided in subsection (3).

(3)  The voter registration official shall make the necessary changes in the elector's records as soon as practical upon receipt of such notice of a change of address of legal residence, name, or party affiliation. The supervisor of elections shall issue the new voter information card.

**History.**--s. 7, ch. 78-403; s. 5, ch. 80-292; s. 21, ch. 94-224; s. 29, ch. 97-13; s. 31, ch. 99-2; s. 3, ch. 2000-250; s. 5, ch. 2002-189; s. 14, ch. 2005-278; s. 5, ch. 2005-286.

Copyright © 1995-2008 The Florida Legislature • Privacy Statement • Contact Us

Select Year: 2008 ▼  Go

# The 2008 Florida Statutes

| Title IX | Chapter 97 | View Entire |
| ELECTORS AND | QUALIFICATION AND REGISTRATION OF | Chapter |
| ELECTIONS | ELECTORS | |

**97.041 Qualifications to register or vote.--**

(1)(a)  A person may become a registered voter only if that person:

1.  Is at least 18 years of age;

2.  Is a citizen of the United States;

3.  Is a legal resident of the State of Florida;

4.  Is a legal resident of the county in which that person seeks to be registered; and

5.  Registers pursuant to the Florida Election Code.

(b)  A person who is otherwise qualified may preregister on or after that person's 16th birthday and may vote in any election occurring on or after that person's 18th birthday.

(2)  The following persons, who might be otherwise qualified, are not entitled to register or vote:

(a)  A person who has been adjudicated mentally incapacitated with respect to voting in this or any other state and who has not had his or her right to vote restored pursuant to law.

(b)  A person who has been convicted of any felony by any court of record and who has not had his or her right to vote restored pursuant to law.

(3)  A person who is not registered may not vote.

**History.**--ss. 1, chs. 3850, 3879, 1889; RS 154; s. 1, ch. 4328, 1895; GS 170; RGS 215; s. 1, ch. 8583, 1921; CGL 248; s. 1, ch. 26870, 1951; s. 2, ch. 28156, 1953; s. 1, ch. 63-408; s. 3, ch. 65-60; s. 1, ch. 67-67; ss. 1, 4, ch. 71-108; s. 1, ch. 72-197; s. 2, ch. 73-157; s. 31, ch. 73-333; s. 1, ch. 74-5; s. 1, ch. 77-175; s. 2, ch. 89-338; s. 8, ch. 94-224; s. 12, ch. 2007-30; s. 2, ch. 2008-95.

**Note.**--Former s. 98.01.

Copyright © 1995-2008 The Florida Legislature • Privacy Statement • Contact Us

Select Year: 2008 ▾  Go

# The 2008 Florida Statutes

| | | |
|---|---|---|
| Title IX | Chapter 101 | View Entire Chapter |
| ELECTORS AND ELECTIONS | VOTING METHODS AND PROCEDURE | |

**101.045 Electors must be registered in precinct; provisions for change of residence or name.**—

(1) No person shall be permitted to vote in any election precinct or district other than the one in which the person has his or her legal residence and in which the person is registered. However, a person temporarily residing outside the county shall be registered in the precinct in which the main office of the supervisor, as designated by the supervisor, is located when the person has no permanent address in the county and it is the person's intention to remain a resident of Florida and of the county in which he or she is registered to vote. Such persons who are registered in the precinct in which the main office of the supervisor, as designated by the supervisor, is located and who are residing outside the county with no permanent address in the county shall not be registered electors of a municipality and therefore shall not be permitted to vote in any municipal election.

(2)(a) An elector who moves from the precinct in which the elector is registered may be permitted to vote in the precinct to which he or she has moved his or her legal residence, provided such elector completes an affirmation in substantially the following form:

### Change of Legal Residence of Registered Voter

Under penalties for false swearing, I, (Name of voter) , swear (or affirm) that the former address of my legal residence was (Address of legal residence) in the municipality of _____, in _____ County, Florida, and I was registered to vote in the _____ precinct of _____ County, Florida; that I have not voted in the precinct of my former registration in this election; that I now reside at (Address of legal residence) in the Municipality of _____, in _____ County, Florida, and am therefore eligible to vote in the _____ precinct of _____ County, Florida; and I further swear (or affirm) that I am otherwise legally registered and entitled to vote.

(Signature of voter whose address of legal residence has changed)

(b) An elector whose name changes because of marriage or other legal process may be permitted to

vote, provided such elector completes an affirmation in substantially the following form:

## Change of Name of Registered Voter

Under penalties for false swearing, I,  (New name of voter) , swear (or affirm) that my name has been changed because of marriage or other legal process. My former name and address of legal residence appear on the registration records of precinct _____ as follows:
Name

Address

Municipality

County

Florida, Zip

My present name and address of legal residence are as follows:
Name

Address

Municipality

County

Florida, Zip

and I further swear (or affirm) that I am otherwise legally registered and entitled to vote.

(Signature of voter whose name has changed)

(c)  Instead of the affirmation contained in paragraph (a) or paragraph (b), an elector may complete a voter registration application that indicates the change of name or change of address of legal residence.

(d)  Such affirmation or application, when completed and presented at the precinct in which such elector is entitled to vote, and upon verification of the elector's registration, shall entitle such elector to vote as provided in this subsection. If the elector's eligibility to vote cannot be determined, he or she shall be entitled to vote a provisional ballot, subject to the requirements and procedures in s. 101.048. Upon receipt of an affirmation or application certifying a change in address of legal residence or name, the supervisor shall as soon as practicable make the necessary changes in the statewide voter registration system to indicate the change in address of legal residence or name of such elector.

**History.**--s. 13, ch. 3879, 1889; RS 167; s. 15, ch. 4328, 1895; GS 192; RGS 236; CGL 289; s. 4, ch. 24203, 1947; s. 11, ch. 25035, 1949; s. 1, ch. 26870, 1951; s. 4, ch. 28156, 1953; s. 7, ch. 65-60; s. 1, ch. 71-307; s. 3, ch. 77-175; s. 6, ch. 78-403; s. 4, ch. 80-292; s. 5, ch. 89-338; s. 20, ch. 94-224; s. 1391, ch. 95-147; s. 36, ch. 2001-40; s. 31, ch. 2005-278; s. 16, ch. 2008-95.

**Note.**--Former s. 98.32; s. 97.091.

Copyright © 1995-2008 The Florida Legislature • Privacy Statement • Contact Us

| Last Name | First Name | Voter # | Address per voter registration | Challenge |
|---|---|---|---|---|
| Poole | Leoda | 102393010 | 10.1 CR 721 BRIGHTON | insufficient address to verify residence |
| Cooper | Margrette | 102945203 | 100 Oxtow DR | property sold to P Sullivan and voter moved |
| Doerr | Vincent | 103142672 | 3758 Fernwood | duplicate of 114918060 |
| MARTIN | THELMA | 104278734 | 12.1 WILLIAMS ST | insufficient address to verify residence |
| Belamy | Roselyn | 104278769 | 798 Ave B | invalid address, street number not found |
| Schnell | Lola | 104278770 | 356 Railroad Ave | voter claims homestead in Okeechobee County |
| Schnell | John | 104278771 | 356 Railroad Ave | voter claims homestead in Okeechobee County |
| ALEJOS | ASCENCION | 104278792 | 1.1 BAKER HWY | insufficient address to verify residence |
| Bowen | Judy | 104278798 | 1.1 River Rd | insufficient address to verify residence |
| BROWN | EDDIE | 104278802 | 6.1 EL DORADO AVE | insufficient address to verify residence |
| Cook | Thomas | 104278822 | 1.1 Sportsmans Village | insufficient address to verify residence |
| DIXON | RUBY | 104278831 | 1.1 SHAWNEE FARMS | insufficient address to verify residence |
| Baker | Martin | 104278871 | 12625 Shady Ln | voter deceased |
| FUSSELL | STEPHANIE | 104278944 | 2.1 WILLIAMS RD | insufficient address to verify residence |
| HAYES | CHARLES | 104278966 | 2.1 COFFEY RD | insufficient address to verify residence |
| JOHNSON | JACQUELYN | 104278994 | | voter deceased |
| LEGATE | E Wayne | 104279001 | 12335 ANCHOR LN | property sold, voter moved |
| LEGATE | Vera H | 104279002 | 12335 ANCHOR LN | property sold, voter moved |
| MUTCHLER | BETH | 104279024 | 2.1 PEEPLES RANCH RD | insufficient address to verify residence |
| PEEPLES | CATHERINE | 104279040 | 1090 Wayman Rd | voter moved |
| WALKER | Clara | 104279115 | 12620 SHADY LN | voter deceased |
| WALTER | BONNIE | 104279117 | 12320 ANCHOR LN | property sold, voter moved |
| WALTER | WARD | 104279119 | 12320 ANCHOR LN | property sold, voter moved |
| WOODLEY | ALICIA | 104279142 | 3640 RIVERVIEW DR | property sold, voter moved |
| WOODLEY | JERRY | 104279143 | 3640 RIVERVIEW DR | property sold, voter moved |
| Hendry | Denise | 104279416 | 9165 MAIN ST | voter resides at 848 Hill Rd Bethel Springs TN |
| Hendry | Ona | 104279417 | 9305 MAIN ST | voter resides at 848 Hill Rd Bethel Springs TN |
| Hendry | Raymond | 104279418 | 9165 MAIN ST | voter resides at 848 Hill Rd Bethel Springs TN |
| Hendry | Reaves | 104279419 | 9305 MAIN ST | voter resides at 848 Hill Rd Bethel Springs TN |
| Hough | Connie | 104279426 | 0 Palmetto AVE | insufficient address to verify residence |
| Hough | Jesse | 104279427 | 0 Palmetto AVE | insufficient address to verify residence |
| Lowrey | Arthur | 104279447 | 0 Easy St | insufficient address to verify residence |
| MILLER | COLEENE | 104279455 | 11.1 BOAR HAMMOCK | insufficient address to verify residence |
| MILLER | KYLE | 104279456 | 11.1 BOAR HAMMOCK | insufficient address to verify residence |
| McCall | Luther | 104279458 | 0 6th St | insufficient address to verify residence |
| McClenithan | Robert | 104279460 | 0 Pine Ave | insufficient address to verify residence |
| Bearrington | Lula M | 104279573 | 2550 Fernwood | voter claims homestead in Suwannee County |
| CREASE | Patricia | 104279646 | 5.1 MUSE | insufficient address to verify residence |
| CROSS | Barbara | 104279649 | 5.1 COUNTY RD | insufficient address to verify residence |
| CUSSINS | Richard | 104279654 | 5.1 SEMINOLE AVE | insufficient address to verify residence |
| Gramatica | Laura | 104279723 | 5.1 Pollywog Crossover | insufficient address to verify residence |
| Gramatica | William | 104279724 | 5.1 Pollywog Crossover | insufficient address to verify residence |
| HICKS | William | 104279746 | 5.1 MUSE | insufficient address to verify residence |
| HOOD | Kristina | 104279751 | 5.1 PINE AVE-MUSE | insufficient address to verify residence |
| Mariotti | Joseph M III | 104279825 | 4280 Pollywog Dr | property sold to Kalapnauth and voter moved to 306 Travis Pless Rd Alto GA 30510-3604 |
| Mariotti | Tammy | 104279826 | 4280 Pollywog Dr | property sold to Kalapnauth and voter moved to 306 Travis Pless Rd Alto GA 30510-3604 |

| | | | | |
|---|---|---|---|---|
| 104279903 | Roaten | Mary | 5.1 Crescent Ave | invalid address, street number not found; voter resides and claims homestead in Suwannee C |
| 104279937 | SMITH | Julia | 5.1 MUSE | insufficient address to verify residence |
| 104279941 | SODREL | Linda | 3495 S CR 731 | property sold, voter moved to Ga |
| 104279943 | SODREL | Robert | 3495 S CR 731 | property sold, voter moved to Ga |
| 104279963 | TOWNSEND | Mary | 5.1 JACKS BRANCH RD | insufficient address to verify residence |
| 104280035 | Brown | Ellrowlyn | 216 10 St & Pinehurst | property sold to Peterson, voter moved, USPS noticed Unable To Forward |
| 104280072 | CUNNINGHAM | BOBBY | 6.1 AVE A | insufficient address to verify residence |
| 104280073 | Cunningham | Victoria | 6.1 10th St | insufficient address to verify residence |
| 104280074 | Cunningham | Tony | 499 Railroad Ave | invalid address, street number not found |
| 104280078 | Daniels | Mary | 6.1 Fishermans Village | insufficient address to verify residence |
| 104280081 | DAVIS | SEKENNIA | 6.1 CACTUS AVE | insufficient address to verify residence |
| 104280104 | Ford | Shelia | 6.1 10th St | insufficient address to verify residence |
| 104280128 | HEYOB | AUGUST | 6.1 FISHERMANS VILLAGE 12E | insufficient address to verify residence |
| 104280142 | JOHNSON | ELIZABETH | 6.1 CACTUS AVE | insufficient address to verify residence |
| 104280144 | Johnson | Irene | 6.1 8th St | insufficient address to verify residence |
| 104280157 | Keene | Gladys | 6.1 Palm Ave | insufficient address to verify residence |
| 104280167 | LEWIS | LATARSHA | 6.1 AVE B | insufficient address to verify residence |
| 104280213 | OLDHAM | BERNICE | 6.1 FISHERMANS VILLAGE | insufficient address to verify residence |
| 104280215 | OWENS | JUANITA | 6.1 AVE H | insufficient address to verify residence |
| 104280232 | Harvey | Elizabeth | 6.1 Ave A | insufficient address to verify residence |
| 104280284 | Sierra | Pilar | 6.1 8th St NW | insufficient address to verify residence |
| 104280295 | SPIRES | JACKIE | 6.1 FISHERMANS VILLAGE | insufficient address to verify residence |
| 104280322 | Wentela | William | 442 Avenue E | property sold to Chavez, voter moved to 721 Bogie Ct Kissimmee FL 34759-4102 |
| 104280330 | WILLIAMS | ANDREA | 6.1 8TH ST | insufficient address to verify residence |
| 104280330 | Williams | Andrea | 6.1 8th St | invalid address, street number not found |
| 104280363 | Ball | Bruce | 9910 Ted Beck Rd | property sold to David/Deborah Beck, voter moved |
| 104280475 | EILAND | ROBERT | 10355 HUDSON LN | property sold to Gorie, voter moved |
| 104280484 | FORD | ALLEN | 2725 MISSY B WAY | property sold to Gauthier, voter moved |
| 104280489 | Fraser | Anna | 10635 Donna Dr | property sold to Ware, voter moved to RR4 Box 111 Keyser, WV 26726-9407 |
| 104280490 | Fraser | John | 10635 Donna Dr | property sold to Ware, voter moved to RR4 Box 111 Keyser, WV 26726-9407 |
| 104280611 | Green | Ralph | 10265 Red Barn RD | property sold to J Green, voter resides 1210 Park Dr LaBelle |
| 104280530 | Harrison | Anous E | 11709 Arvin Ln | voter lives in Lee County, residential phone 239.694.4308 |
| 104280532 | HARTT | Edna V | 11075 Echo Ave | no such number |
| 104280536 | Houston | Jennifer | 67 Miller Dr | invalid address, street number not found |
| 104280540 | Huntington | Sam | 10465 Clark Ln | voter deceased |
| 104280560 | Kellogg | Kristina | 520 Alligator Rd | property sold to Holaway and voter moved |
| 104280586 | LUNDBLOOM | NENA | 7.1 LAKEPORT | insufficient address to verify residence |
| 104280689 | MARTIN | DON | 7.1 LAKEPORT | insufficient address to verify residence |
| 104280592 | MIKELL | LEONARD | 10500 BLUE HERON LN | property sold to Elmore and voter moved |
| 104280603 | MYERS | DAVID | 105 MILLER DR | property sold to Zielicke and voter moved |
| 104280604 | MYERS | DOROTHY | 105 MILLER DR | property sold to Zielicke and voter moved |
| 104280615 | MCVEY | Judith | 11055 Echo Ave | voter lives in Coalton, WV |
| 104280639 | Pease | Maryanne | 11085 Okura St | property sold to Knisley, voter moved |
| 104280644 | PHILLIPS | CHARLOTTE | 544 FOXTROT AVE | property sold to L Cook and voter moved |
| 104280645 | PHILLIPS | DARRELL | 544 FOXTROT AVE | property sold to L Cook and voter moved |
| 104280646 | RISER | BARBARA | 11288 MARTIN BLVD | property sold to L Clark and voter moved |
| 104280675 | Rister | David | 1060 Red Barn Rd | property sold to Gigliotti and voter moved |

| ID | Last Name | First Name | Address | Note |
|---|---|---|---|---|
| 104280677 | Rister | Nancy | 1060  Red Barn Rd | property sold to Cigliotti and voter moved |
| 104280698 | Sherfick | Mary | 10845 Glover Ln | property sold to Moller, voter moved, |
| 104280699 | Sherfick | Ralph | 10845 Glover Ln | property sold to Moller, voter moved, |
| 104280720 | SOUCEK | DEBRA | 41  MILLER DR | property sold to Honnerlaw and voter moved |
| 104280721 | SOUCEK | FRANK | 41  MILLER DR | property sold to Honnerlaw and voter moved |
| 104280743 | TAYLOR | LINDA | 7.1  CR 721 LOOP RD | insufficient address to verify residence |
| 104280749 | Throop | Terry | 11143 Peaceful Ln | property sold to Gordey, voter moved |
| 104280754 | TOMMIE | NOREEN | 10.1  INDIAN RES | insufficient address to verify residence |
| 104280755 | TOMMIE | WILLIE | 10.1  CR 721 BRIGHTON | insufficient address to verify residence |
| 104280760 | TUCKER | ROBERT | 7.1  LAKEPORT | insufficient address to verify residence |
| 104280797 | WINGFIELD | PATRICIA | 11445  CLICK DR | property sold to Holaway and voter moved |
| 104280798 | WINGFIELD | WALTER | 11445  CLICK DR | property sold to Holaway and voter moved |
| 104280869 | Bowling | David | 8.2  Linda Rd | insufficient address to verify residence |
| 104280880 | Brumfield | Lori | 8.2  Chobee ST | insufficient address to verify residence |
| 104280909 | Carroll | Donald | 8.2  Chobee St | insufficient address to verify residence |
| 104280910 | CARROLL | PATRICIA | 8.2  CHOBEE ST | insufficient address to verify residence |
| 104280941 | Croncich | Cindy | 989 RR 6 | voter moved to 17223 FM362 Novasota, TX 77868-6726 |
| 104280942 | Croncich | Harold | 989 RR 6 | voter moved to 17223 FM362 Novasota, TX 77868-6726 |
| 104281030 | Fuller | Imogene | 8.2  3rd St | insufficient address to verify residence |
| 104281079 | Harris | Steven | 15  Jordan Lp Bhr | property sold to Robert Skeans, voter moved to Okeechobee Co |
| 104281155 | Kinsey | Betty | 25 8th St BHR | insufficient address to verify residence |
| 104281215 | MOREHEAD | STACEY | 8.2  JORDAN LP BHR | insufficient address to verify residence |
| 104281219 | MORGAN | VIRGIL | 8.2  LAKE DR | insufficient address to verify residence |
| 104281226 | MURPHY | REBECKAH | 8.2  CASEY LN | insufficient address to verify residence |
| 104281227 | MURPHY | EUGENE | 8.2  CASEY LN | insufficient address to verify residence |
| 104281323 | Richardson | Rebecca | 109 20th St BHR | property sold to Vitone, voter moved to 321 Scoles Rd Guntersville AL 35975-5299 |
| 104281360 | SEXTON | Alice L | ALICE | property repossessed by Inter Savings Bank FSB sold to Ridenour |
| 104281400 | Sunderlin | Eleanor | 8 Rosebud | sold to Vaughan, voter moved |
| 104281409 | Taylor | Dolores | 100 20th St BHR | property sold to Owen, voter moved to  240 Darden Dr.  Lacey's Spring Al 35754-7217 |
| 104281439 | TROENDLE | TINA | 8.2 8TH ST | insufficient address to verify residence |
| 104281522 | BLACK | SHIRLEY | 9.1 LEISURE LN | property sold to Graham, voter moved |
| 104281523 | Brown | David | 0  78 HWY E | insufficient address to verify residence |
| 104281524 | Brown | Joanna | 0  78 HWY E | insufficient address to verify residence |
| 104281525 | Bussell | David A | 8040 Indian Mound Rd | voter claims homestead in Suwannee County |
| 104281526 | Bussell | Nancy K | 8040 Indian Mound Rd | voter claims homestead in Suwannee County |
| 104281527 | CAISON | AGNES | 9.1  SUNSET STRIP | insufficient address to verify residence |
| 104281529 | Caldwell | Richard | 0  78 HWY E | insufficient address to verify residence |
| 104281547 | GRIDER | ROBERT | 9.1  LANTERN LN | insufficient address to verify residence |
| 104281565 | Lowe | Laura | 9.1  Twin Palms | insufficient address to verify residence |
| 104281570 | MOSCHIANO | JOSEPH | 9.1  SUNSET STRIP | insufficient address to verify residence |
| 104281572 | MCAULAY | RACHEL | 9.1  OAK RIDGE SUBDIVISION | insufficient address to verify residence |
| 104281573 | MCMILLAN | GLADYS | 9.1  HWY 78 EAST | insufficient address to verify residence |
| 104281578 | PUGH | KATHI | 11838  LEISURE LN | property sold to Morgan and voter moved |
| 104281579 | PUGH | ROY | 11838  LEISURE LN | property sold to Morgan and voter moved |
| 104281585 | Shiveler | Susan Thompson | 11765 CR 721 | voter resides at 11777 Six Ls Farm Rd Naples FL |
| 104281597 | Smith | Ellen | 9.1  HWY 78 WEST | insufficient address to verify residence |
| 104281598 | Snyder | Hazel | 874 RR 6 | property owned by Staton, voter moved to 5865 Dorothy Dr North Olmstead OH 44070-4272 |

| ID | Last Name | First Name | Address | Note |
|---|---|---|---|---|
| 104281668 | JOHNS | CAROLYN | 7.1 CR 721 LOOP RD | insufficient address to verify residence |
| 104281693 | PIZ | JOYCE | 10.1 CR 721 BRIGHTON | insufficient address to verify residence |
| 104281697 | MADRIGAL | JOHN | 10.1 SR 721 | insufficient address to verify residence |
| 104281762 | ARNOLD | BILLY | 11.2 SADDLE LN | insufficient address to verify residence |
| 104281838 | HENDERSON | GAIL | 11.2 RODEO RD | insufficient address to verify residence |
| 104281839 | HENDERSON | DARRELL | 11.2 RODEO RD | insufficient address to verify residence |
| 104281844 | HOUGH | CHARLIE | 11.2 PONY PL | insufficient address to verify residence |
| 104281862 | Kmiecik | Julie | 11.2 Oak St | invalid address, street number not found |
| 104281863 | Kmiecik | Ted | 11.2 Oak St | invalid address, street number not found |
| 104281865 | KOTZ | PATRICIA | 11.2 PONY PL | insufficient address to verify residence |
| 104281869 | Lee | Alicia | 11.2 Western DR | insufficient address to verify residence |
| 104281877 | LONGORIA | WILLIE | 11.3 BOWDEN SUBDIVISION | insufficient address to verify residence |
| 104281909 | PETTI | SHARON | 11.2 BRONSON RD | insufficient address to verify residence |
| 104281910 | PETTI | STEPHEN | 11.2 BRONSON RD | insufficient address to verify residence |
| 104281915 | RIDGDILL | MICHELLE | 11.2 WEST AVE | insufficient address to verify residence |
| 104281916 | RIDGDILL | THOMAS | 11.2 WEST AVE | insufficient address to verify residence |
| 104281917 | ROBERTS | EDDIE | 11.2 ROBERTS | insufficient address to verify residence |
| 104281918 | ROBERTS | ERNEST | 11.2 ROBERTS | insufficient address to verify residence |
| 104281919 | RODRIGUEZ | FRANCISCO | 11.2 US 27 N | insufficient address to verify residence |
| 104281920 | ROGERS | JAMES | 11.2 US 27 N | insufficient address to verify residence |
| 104281939 | SWIATECKI | EMILIAN | 11.1 N US HWY 27 | insufficient address to verify residence |
| 104281941 | Tallant | Virginia | 11.2 Wagon Trail RD | insufficient address to verify residence |
| 104281942 | Tallant | Willie | 11.2 Wagon Trail RD | insufficient address to verify residence |
| 104281948 | Thomas | Kathryn | 11.2 US 27 N | insufficient address to verify residence |
| 104281969 | ASH | JOYCE | 12.1 LATUM BELL ST | insufficient address to verify residence |
| 104281984 | CARTER | GETA | 12.1 GREEN ST | insufficient address to verify residence |
| 104281996 | MCPHERSON DAVIDSON | CHERYL | 12.1 LATUM BELL ST | insufficient address to verify residence |
| 104282000 | DAVIS | JUANITA | 12.1 GREEN ST | insufficient address to verify residence |
| 104282015 | FUDGE | ROBERT | 12.1 PIERCE ST | insufficient address to verify residence |
| 104282020 | GADSON | SHAMEKA | 6.1 AVE F | insufficient address to verify residence |
| 104282022 | GOODWIN | JESSE | 12.1 THOMAS ST | insufficient address to verify residence |
| 104282049 | HOLLEY | KIMBERLY | 12.1 LATUM BELL ST | insufficient address to verify residence |
| 104282050 | HORACE | ARLEATHA | 6.1 AVE F | insufficient address to verify residence |
| 104282056 | HURT | YVETTE | 12.1 GREEN ST | insufficient address to verify residence |
| 104282070 | MYERS | MARY | 12.1 PIERCE ST | insufficient address to verify residence |
| 104282073 | MCPHERSON | FREDDIE | 12.1 PIERCE ST | insufficient address to verify residence |
| 104282076 | MCPHERSON | STACY | 12.1 PIERCE ST | insufficient address to verify residence |
| 104282077 | MCPHERSON | TRACY | 12.1 GAMBLE ST | insufficient address to verify residence |
| 104282078 | MCPHERSON | WILLIE | 12.1 PIERCE ST | insufficient address to verify residence |
| 104282087 | PERKINS | IRIS | 12.1 PIERCE ST | insufficient address to verify residence |
| 104282091 | PERKINS | RALPH | 12.1 WILSON ST | insufficient address to verify residence |
| 104282097 | RUSH | ORA | 6.1 CACTUS AVE | insufficient address to verify residence |
| 104282102 | THOMAS | ROSE | 6.1 ELMWOOD AVE | insufficient address to verify residence |
| 104282103 | THOMAS | VINCENT CORNELL | 12.1 WILSON ST | insufficient address to verify residence |
| 104282105 | THORPE | DENNIS | 12.1 WILSON ST | insufficient address to verify residence |
| 104282111 | WARD | MITCHINSON | 12.1 THOMAS ST | insufficient address to verify residence |
| 104282117 | WILCOX | MARY | 12.1 PIERCE ST | insufficient address to verify residence |

| ID | Last Name | First Name | Address | | Note |
|---|---|---|---|---|---|
| 104282186 | Goode | Daniel | 62730 | Frontier Cir | property sold to S Willis and voter moved |
| 104282187 | Goode | Linda | 62730 | Frontier Cir | property sold to S Willis and voter moved |
| 104282208 | ISENBERG | BARBARA | 8095 | CALOOSAHATCHEE DR | property sold to Silberman and voter moved |
| 104282209 | ISENBERG | ROBERT | 8095 | CALOOSAHATCHEE DR | property sold to Silberman and voter moved |
| 104282244 | Perry | M Catherine | 13.2 | Oxbow Dr | insufficient address to verify residence |
| 104282296 | WHITT | KAREN | 15620 | WINCHESTER AVE | property sold to Kress, voter moved |
| 104282298 | WOODALL | SANDRA | 8120 | CALOOSAHATCHEE DR | property sold to Pella, voter moved |
| 104282308 | Hutchinson | Jean | 100 | Oxbow Dr | property sold to Knotek and voter moved |
| 104282309 | Hutchinson | David | 100 | Oxbow Dr | property sold to Knotek and voter moved |
| 104282321 | MCPHERSON | CLARA | 12.1 | PIERCE ST | insufficient address to verify residence |
| 104282322 | MCPHERSON | WILFORD | 6.1 | AVE F | insufficient address to verify residence |
| 104282335 | Pearce | Tami | 1.1 | Pearce Rhymes RD | insufficient address to verify residence |
| 104282351 | RHYMES | BONNY | 1.1 | S US 27 | insufficient address to verify residence |
| 104282352 | RHYMES | JOSHUA | 1.1 | S US 27 | insufficient address to verify residence |
| 104282353 | RHYMES | TIMOTHY | 1.1 | S US 27 | insufficient address to verify residence |
| 104282369 | SCHRAMM | MARION | 1.1 | SEALEY RD | insufficient address to verify residence |
| 104282380 | STAPLETON | LINDA | 1.1 | RIVER RD | insufficient address to verify residence |
| 104282419 | ZEIGLER | MARY | 6.1 | AVE F | insufficient address to verify residence |
| 104282424 | GOODWIN | Jennifer | 570 | E PARK AVE | voter moved to and claims homested in Highlands Co |
| 104282452 | HOLBROOK | ETTA | 1.1 | RIVER RD | insufficient address to verify residence |
| 104282454 | HOLMAN | JEREMY | 1.1 | RIVER RD | insufficient address to verify residence |
| 104282460 | ISAACS | PATRICIA | 1.1 | SEALEY RD | insufficient address to verify residence |
| 104282471 | KRAWCHUK | BOHDAN | 1.1 | RIVER RD | insufficient address to verify residence |
| 104282472 | KRAWCHUK | KATHLEEN | 1.1 | RIVER RD | insufficient address to verify residence |
| 104282476 | LANGDALE | BARBARA | 1.1 | LANGDALE RD | insufficient address to verify residence |
| 104282477 | LANGDALE | CAROLYN | 1.1 | LANGDALE RD | insufficient address to verify residence |
| 104282480 | Langdale | Frankie | 1.1 | Langdale Rd | insufficient address to verify residence |
| 104282481 | LANGDALE | JAMES | 1.1 | LANGDALE RD | insufficient address to verify residence |
| 104282482 | Langdale | John | 1.1 | Langdale RD | insufficient address to verify residence |
| 104282484 | LANGDALE | JOHN | 1.1 | LANGDALE RD | insufficient address to verify residence |
| 104282486 | LANGDALE | JYLES | 1.1 | LANGDALE RD | insufficient address to verify residence |
| 104282487 | LANGDALE | ROBERT | 1.1 | LANGDALE RD | insufficient address to verify residence |
| 104282519 | Rider | James | 11925 | Teal Harbor | property sold to McIntoch and voter moved |
| 104282520 | Rider | Lois | 11925 | Teal Harbor | property sold to McIntoch and voter moved |
| 104282541 | HUFF | LISA | 10.1 | SR 721 INDIAN RES | insufficient address to verify residence |
| 104282566 | SOY | ESTEBAN | 11.1 | N US HWY 27 | insufficient address to verify residence |
| 104282574 | FORD | Lilla M | 401 | SEALEY RD | property sold, voter moved to Ray City GA Phone 229-455-4635, |
| 104282575 | GOODWIN | Christopher | 570 | E PARK AVE | voter moved to and claims homested in Highlands Co |
| 104282585 | Toms | Ashley | 9.1 | HWY 78 | insufficient address to verify residence |
| 104282595 | JUMPER | AVALON | 10.1 | INDIAN RES | insufficient address to verify residence |
| 104282597 | Kitchens | Dalton | 1.1 | S US 27 | insufficient address to verify residence |
| 104282602 | Rodgers | Wallace | 100 | Oxbow Dr | property sold to Kelly-Zaehler, voter moved |
| 104282624 | HOUGH | KYLE | 11.2 | PONY PL | insufficient address to verify residence |
| 104282658 | Kurey | Lela | 8.2 | Bhr | insufficient address to verify residence |
| 104282680 | JUDAY | JOHN | 450 | CR 721 LOOP RD | property sold to Meeks, voter moved |
| 104282681 | JUDAY | ROLANDA | 450 | CR 721 LOOP RD | property sold to Meeks, voter moved |
| 104282718 | HASTY | ANNETTA | 8.2 | TROUT ST | insufficient address to verify residence |

| ID | Last | First | Address | Note |
|---|---|---|---|---|
| 104282729 | Reese | John | 15 5th St BHR | property sold to Wagner, voter moved to 3510 SE 33rd Terr Okeechobee FL 34974-6020 |
| 104282741 | Riethmaier | Pamela | 11873  HWY 78 | property sold to Triton VI and voter moved |
| 104282755 | HARRIS | STEVEN | 1.1  SEALEY RD | insufficient address to verify residence |
| 104282762 | CARRILLO | XAVIER | 5.1  SPANISH TRAIL | insufficient address to verify residence |
| 104282774 | Cockram | Paula | 16030  E Benbow CIR | property sold to Manzano and voter moved |
| 104282828 | Sprott | Betty | 2 Bass St BHR | property sold to Crismond, voter moved to 7061 Cedar Tr, Paint Township, OH 45133 |
| 104282869 | BRACKEN | KENNETH | 12725  WILLIAMS RD | property sold, voter moved |
| 104282876 | WHITEHEAD | Bruce | 5.1 MUSE | no such number, voter resides at 463 Clark St LaBelle |
| 104282939 | Castle | Claude | 9.1  Glen Hunters Rv PARK | insufficient address to verify residence |
| 104282945 | Baker | Charlene | 10.1  Indian Res | insufficient address to verify residence |
| 104282948 | BARNES | THOMAS | 11.2  PINE AVE | insufficient address to verify residence |
| 104282952 | High | Beverly | 13.2  Oxbow Dr | insufficient address to verify residence |
| 104282958 | LAMKIN | CHANCE | 4640  DUBLIN CIR | property repossessed by Big Lake National Bank and voter moved |
| 104283000 | Gregg | Maurice | 10400  Lowry Ln | Property sold to C Eby Guljahr, voter moved |
| 104283034 | BROWN | FRANK | 1.1  CLICK FARM RD | insufficient address to verify residence |
| 104283038 | JACQUELIN | ARTHUR | 8200  CALOOSAHATCHEE DR | property sold to Pella and voter moved |
| 104283050 | SAVAILI | LYNDA | 11.2  ROBERTS | insufficient address to verify residence |
| 104283111 | DUNIVENT | SANDRA | 1008  Sunset DR | no such street number, no valid phone number |
| 104283148 | JACQUELIN | GAIL | 8200  CALOOSAHATCHEE DR | property sold to Pella and voter moved |
| 104283168 | CHAVEZ | JOSE | 5.1  SPANISH TRAIL | insufficient address to verify residence |
| 104283208 | GARCIA | JOSHUA | 10.1  CR 721 BRIGHTON | insufficient address to verify residence |
| 104283210 | MILLER | JAMES | 8.2  LAKE DR | insufficient address to verify residence |
| 104283211 | MILLER | ROBERTA | 8.2  LAKE DR | insufficient address to verify residence |
| 104283212 | THOMAS | RYAN | 10.1  SR 721 | insufficient address to verify residence |
| 104283214 | RHYMES | CHELSEY | 1.1 S US 27 | insufficient address to verify residence |
| 104283238 | HERNANDEZ | BESSIE | 1.1  SEALEY RD | insufficient address to verify residence |
| 104283257 | FARMER | JAMES | 10.1  SR 721 | insufficient address to verify residence |
| 104283258 | BENNETT | LACY | 10.1  SR 721 INDIAN RES | insufficient address to verify residence |
| 104283286 | LAYTON | Alma | 319  BOTTLE BRUSH AVE--MAPLE C | voter is deceased |
| 104283310 | Huff | Allen | 10.1  SR 721 | insufficient address to verify residence |
| 104283319 | WHITT | DANNY | 15620  WINCHESTER AVE | property sold to Kress, voter moved |
| 104283321 | Vaughan | Sharon | 1645 Riverside | property owned by Mackey, voter moved |
| 104283332 | Vaughan | Rudy | 1645 Riverside | property owned by Mackey, voter moved |
| 104283341 | CLAY | TROY | 10.1  SR 721 | insufficient address to verify residence |
| 104283374 | MCKINNEY | BRANDE | 9.1  HWY 78 | insufficient address to verify residence |
| 104283375 | MCKINNEY | DEBORAH | 9.1  HWY 78 | insufficient address to verify residence |
| 104283383 | Lee | TERRY | 2.1  WILLIAMS RD | insufficient address to verify residence |
| 104283385 | OSCEOLA | Jesse | 9690 Jerdick Dr | voter resides at 337 W Pasadena Clewiston 863-902-0216 |
| 104283388 | SILVESTRI | NICKI | 10.1  INDIAN RES | insufficient address to verify residence |
| 104283412 | Brown | VIRIGINIA | 4674  DUBLIN CIR | property sold to Boyd, voter moved |
| 104283420 | LEWIS | Velma | 6 10th St | insufficient address to verify residence |
| 104283483 | Kellogg | Kristi Lynn | 415 Oak Ave | property sold to Carlos and voter moved to Brazil Circle Port LaBelle |
| 104283512 | Ventura | Troy | 520 Alligator Rd | property sold to Holaway and voter moved |
| 104283514 | Jimmie | Joseph | 1.1  River RD | insufficient address to verify residence |
| 104283541 | SMITH | Howard | 10.1  Indian Res | insufficient address to verify residence |
| 104283571 | SILVESTRI | SHAWN | 2.1  WILLIAMS RD | insufficient address to verify residence |
| 104283573 | RAMSEY | GUY | 4074  DUBLIN CIR | property sold to Boyd, voter moved |
| | | TERRY | 8.2  CHOBEE LP BHR | insufficient address to verify residence |

| ID | Last | First | Address | Note |
|---|---|---|---|---|
| 104283600 | Deberry | Henry | 1008  Sunset DR | no such street number, no valid phone number |
| 104283643 | Harris | Karen | 15  Jordan Lp Bhr | property sold to Robert Skeens, voter moved to Okeechobee Co |
| 104283647 | JIMMIE | SAMANTHA | 10.1  INDIAN RES | insufficient address to verify residence |
| 104283652 | Woodall | Christopher R | 1380  River Rd | propertyowned by Martinez, voter moved to 4969 Lake Kotsa Dr Lake Wales 33090 |
| 104283694 | Donald | James | 16501  Aspen Blvd | property sold to Nees, voter moved |
| 104283724 | Godzicki | Joanne | 757  Ave H Apt C | invalid address, street number not found, USPS Unable to Forward |
| 104283798 | GRIFFITH | MATTHEW | 2.1  WILLIAMS RD | insufficient address to verify residence |
| 104283801 | HICKMAN | HAZEL | 1.1  POLLARD RD | insufficient address to verify residence |
| 104283809 | Wooley | Crystal | 9  Acces Rd BHR | property owned by Lane, voter moved |
| 104283816 | CRONCICH | JOHN | 8.1  HWY 78 WEST | insufficient address to verify residence |
| 104283836 | PIERSON | MARY | 11275  CLICK DR | property sold to Poston and voter moved |
| 104283837 | PIERSON | LEO | 11275  CLICK DR | property sold to Poston and voter moved |
| 104283857 | NOE | ROLLENE | 11314  CLICK DR | property sold to Holaway and voter moved |
| 104283861 | Flanagan | Richard | 2.1  Anchor Ln | insufficient address to verify residence |
| 104283862 | BERT | PERNELL | 10.1  SR 721 | insufficient address to verify residence |
| 104283876 | WILLIS | TODD | 10.1  INDIAN RES | insufficient address to verify residence |
| 104284019 | RHYMES | BRITTANY | 1.1  PEARCE RHYMES RD | insufficient address to verify residence |
| 104284043 | REYNOLDS | Robert R | 15  RR 1 | insufficient address to verify residence |
| 104284055 | Donaldson | Betty | 100  Oxbow Dr | property sold to P Sullivan, voter moved |
| 104284056 | Donaldson | Donald | 100  Oxbow Dr | property sold to P Sullivan, voter moved |
| 104284057 | Alexander | Mary | 4675  Palomino Dr | property sold  to L. G. Ravelo and voter moved |
| 104284058 | Alexander | Billy | 4675  Palomino Dr | property sold  to L. G. Ravelo and voter moved |
| 104284073 | Knisley | Patrick | 11085  Okura St | property sold to Phillips and voter moved |
| 104284104 | KNISLEY | RUTH | 11085  OKURA ST | property sold to Phillips and voter moved |
| 104284133 | RIVERO | GERVASIO | 8800  SR 80 | property sold to Red-Head Dreams Holding, voter moved |
| 104284144 | Sheffield | Joshua | 11445  Click Dr | invalid address, street number not found |
| 104284144 | Sheffield | Joshua | 1306  11th Ave | Not deliverable, unable to fwd from Kearney NE USPS |
| 104284192 | CLIFTON | BERTHA | 8.2  CASEY LN | insufficient address to verify residence |
| 104284216 | Oakes | Patrick | 67  Miller Dr | invalid address, street number not found |
| 104284219 | DAVIS | Charles E | 12375  ANCHOR LN | property sold to River Forest Yachting, voter moved |
| 104284230 | Pillard | Veronica | 11143  Peaceful Ln | property sold to Liles, voter moved |
| 104284238 | Green | Darcy V | 3146  N Jog Rd | voter resides in Palm Beach County, formerly of Hendry County |
| 104284257 | Atkins | Amanda | 0  78 HWY E | insufficient address to verify residence |
| 104284278 | NAVARRO | RAMON | 11.1  BOAR HAMMOCK | insufficient address to verify residence |
| 104284280 | SWART | MAE | 8.1  SR 78B BHR | duplicate of voter 104284952 |
| 104284293 | HUFF | Amanda | 2000  Mayford Lk Rd | voter moved to 304 Bridge Crossing, Yorktown, VA 23692 |
| 104284304 | SPITCHLEY | TAMMY | 9.1  LANTERN LN | voter claims homestead in Okeechobee County |
| 104284309 | BROCKMAN | JOHN | 4382  INDIAN HILLS DR | voter deceased |
| 104284332 | Martinez | Jean | 0  Easy St | insufficient address to verify residence |
| 104284358 | Childers | David | 6  Canal Way BHR | property owned by T Hall, voter moved to 17571 NW 30th Ave Okeechobee FL 34972-4706 |
| 104284366 | MORENO | OLGA | 6.1  FLORIDA AVE | insufficient address to verify residence |
| 104284439 | QUAIF | ANITA | 4646  ANVIL WAY | property repossessed by Big Lake National Bank and voter moved |
| 104284470 | MOSCHIANO | PATRICIA | 9.1  SUNSET STRIP | insufficient address to verify residence |
| 104284491 | BRACKEN | CHRISTINE | 12725  WILLIAMS RD | property sold, voter moved |
| 104284492 | BROCKMAN | YVONNE | 4382  INDIAN HILLS DR | insufficient address to verify residence |
| 104284502 | Madrigal | Howard | 579  RR 6 | insufficient address to verify residence |
| 104284523 | Cunningham | William | 6.1  10th St | insufficient address to verify residence |

| | | | | | |
|---|---|---|---|---|---|
| 104284539 | OLSON | DAVID | 9.1 DUCK LN | | insufficient address to verify residence |
| 104284560 | WAGNER | RICHARD | 6.1 CR 720 | | insufficient address to verify residence |
| 104284587 | Lemley | Darlyne | 129 Palm Ave | | property owned by Church of God and voter moved to Plymouth FL 2005 |
| 104284594 | Hendry | Samantha | 9165 MAIN ST | | voter resides at 848 Hill Rd Bethel Springs TN |
| 104284630 | Robinson | Stacy | 756 Railroad Av | | property owned by Tindall, voter moved to 920 Collins Ln Frankfort KY 40691 |
| 104284657 | LEWIS | MARTI | 10620 RED BARN RD | | property sold to Wilson and voter moved |
| 104284683 | White-Rickaby | Rebecca | 11874 Sabal Palm | | property sold to Joy, voter moved to 28 Fairfax Dr Huntington WV 25705 |
| 104284677 | ALFARO | MYRA | 6.1 AVE F | | insufficient address to verify residence |
| 104284678 | Hulburt | Gerald | 815 Alligator Rd | | property owned by Weavers, voter moved to 915 Foresteria Dr Lake Park FL 33403-3105 |
| 104284731 | Pohl | Wallace | 942 Roberson Dr | | property sold to Brockway and voter moved |
| 104284799 | SOUCEK | SANFORD | 41 MILLER DR | | property sold to Homerlaw and voter moved |
| 104284805 | POHL | WALLACE | 942 RR 6 | | property sold to Brockway and voter moved |
| 104284816 | MACE | PATRICIA | 16511 ASPEN BLVD | | property sold to Hansen and voter moved |
| 104284817 | MACE | SCOTT | 16511 ASPEN BLVD | | property sold to Hansen and voter moved |
| 104284831 | Brendel | Cathy | 213 Elderberry Ave | | property sold to Herrera, voter moved to 7395 US Hwy 30  Jeffersonville GA 31044-1924 |
| 104284849 | POSTON | MARK | 11275 CLICK DR | | property sold to Jinkins and voter moved |
| 104284856 | POSTON | REBECCA | 11275 CLICK DR | | property sold to Jinkins and voter moved |
| 104284866 | BRACKEN | MELISSA | 12725 WILLIAMS RD | | property sold, voter moved |
| 104284886 | WEEKS | DORINDA | 11 .1 US 27 N RAMEY TR | | insufficient address to verify residence |
| 104284887 | SIMMONS | ZENA | 10.1 SR 721 | | insufficient address to verify residence |
| 104284915 | BAKER | PRESTON | 10.1 CR 721 BRIGHTON | | insufficient address to verify residence |
| 104284922 | STEWART | JOHN | 11.2 US 27 N | | insufficient address to verify residence |
| 104284929 | Whorl | Stephen | 13875 Broadway | | voter resides at 20976 Nattingly Rd Abell, Md 20606  PH 301.769.2319 |
| 104284938 | Huff | Nathaniel | 2040 Fernwood | | property sold by Berg and voter moved to 3523 Blue Springs Rd Straw Plains TN 37871-3824 |
| 104284944 | QUAIF | GERALD | 4646 ANVIL WAY | | property repossessed by Big Lake National Bank and voter moved |
| 104284952 | ZARRELLA | Amanda | 20 Friendship Ln | | duplicate of voter 104284293 |
| 104284959 | Whorl | Sherry | 13875 Broadway | | voter resides at 20976 Nattingly Rd Abell, Md 20606  PH 301.769.2319 |
| 104284987 | Lonnon | Marthalee | 7 Marina Dr | | property sold to Ellis and voter moved |
| 104284988 | Lonnon | William | 7 Marina Dr | | property sold to Ellis and voter moved |
| 104285002 | OSCEOLA | TONY | 10.1 CR 721 INDIAN RESEVATION | | insufficient address to verify residence |
| 104285031 | POGOZELSKI | JOHN | 6.1 AVE A | | insufficient address to verify residence |
| 104326988 | Dawson | Melvin | 1008 Sunset DR | | no such street number, no valid phone number |
| 104344454 | Dawson | Faye | 1008 Sunset DR | | no such street number, no valid phone number |
| 107281410 | Taylor | John | 100 20th St BHR | | property sold to Owen, voter moved to 240 Darden Dr.  Lacey's Spring AL 35754-7217 |
| 114063577 | Osceola | Lysandra | 10.1 SR 721 | | insufficient address to verify residence |
| 114312346 | Flores | Bernadette | 16721 Monday St | | property repossessed by US Bank, voter moved |
| 114479936 | Garrett | David | 12 Bass St BHR | | property sold to Stiglitz, voter moved USPS noticed Unable to Forward |
| 114534344 | Thompson | Joseph M III | 11766 CR 721 | | voter resides at 11777 Stx Ls Farm Rd Naples FL |
| 114555842 | Jones | Happy | 10 .1 Indian Res | | duplicate of 114841217 |
| 114613330 | Hendry | Brooke | 9345 Main St | | voter lives at 4731 Bill Cheek Rd Auburn GA |
| 114841217 | Klanjorski | Gerald | 2095 Old Lakeport Rd | | duplicate of 114915090 |
| 114864619 | Mercene | Joseph | 1280 Comance Tr | | voter resides at 2951 NE 1st Ave Pompano Beach FL phone  (954) 946-1556 |
| 114915090 | Kinjorski | Gerald | 2095 Old Lakeport Rd | | duplicate of 114841217 |
| 114918060 | Doerr | Vince | 3735 Fernwood | | property sold to Manzano and voter moved |
| 115256634 | Cockram | Richard | 16030 E Benbow CIR | | duplicate of voter 115756162 |
| 115756128 | Harloff | Jennifer | 2520 Ortona RD | | duplicate of voter 115756162 |
| 115756162 | Harloff | Jennifer | 2520 Ortona RD | | duplicate of voter 115756128 |

Exhibit 16

Michigan Messenger » Lose your house, lose your vote                    http://michiganmessenger.com/4076/lose-your-house-lose-your-vote



Michigan Messenger RSS Feed  Log in

Search

Home
Economy
Environment
Energy
State Politics
LGBT
Media Monitor
Blog
Links
About Us
Contact Us/News Tips
Lose your house, lose your vote
By Eartha Jane Melzer 9/10/08 6:42 AM



Michigan Republicans plan to foreclose African-American voters

The chairman of the Republican Party in Macomb County, Michigan, a key swing county in a key swing state, is planning to use a list of foreclosed homes to block people from voting in the upcoming election as part of the state GOP's effort to challenge some voters on Election Day.

"We will have a list of foreclosed homes and will make sure people aren't voting from those addresses," party chairman James Carabelli told Michigan Messenger in a telephone interview earlier this week. He said the local party wanted to make sure that proper electoral procedures were followed.

State election rules allow parties to assign "election challengers" to polls to monitor the election. In addition to observing the poll workers, these volunteers can challenge the eligibility of any voter provided they "have a good reason to believe" that the person is not eligible to vote. One allowable reason is that the person is not a "true resident of the city or township."

The Michigan Republicans' planned use of foreclosure lists is apparently an attempt to challenge ineligible voters as not being "true residents."

One expert questioned the legality of the tactic.

"You can't challenge people without a factual basis for doing so," said J. Gerald Hebert, a former voting rights litigator for the U.S. Justice Department who now runs the Campaign Legal Center, a Washington D.C.-based public-interest law firm. "I don't think a foreclosure notice is sufficient basis for a challenge, because people often remain in their homes after foreclosure begins and sometimes are able to negotiate and refinance."

As for the practice of challenging the right to vote of foreclosed property owners, Hebert called it, "mean-spirited."

GOP ties to state's largest foreclosure law firm

The Macomb GOP's plans are another indication of how John McCain's campaign stands to benefit from the burgeoning number of foreclosures in the state. McCain's regional headquarters are housed in the office building of foreclosure specialists Trott & Trott. The firm's founder, David A. Trott, has raised between $100,000 and $250,000 for the Republican nominee.

The Macomb County party's plans to challenge voters who have defaulted on their house payments is likely to disproportionately affect African-Americans who are overwhelmingly Democratic voters. More than 60 percent of all sub-prime loans — the most likely kind of loan to go into default — were made to African-Americans in Michigan, according to a report issued last year by the state's Department of Labor and Economic Growth.

Challenges to would-be voters

Statewide, the Republican Party is gearing up for a comprehensive voter challenge campaign, according to Denise Graves, party chair for Republicans in Genessee County, which encompasses Flint. The party is creating a spreadsheet of election challenger volunteers and expects to coordinate a training with the regional McCain campaign, Graves said in an interview with Michigan Messenger.

Whether the Republicans will challenge voters with foreclosed homes elsewhere in the state is not known.

Kelly Harrigan, deputy director of the GOP's voter programs, confirmed that she is coordinating the group's "election integrity" program. Harrigan said the effort includes putting in place a legal team, as well as training election challengers. She said the challenges to voters were procedural rather than personal. She referred inquiries about the vote challenge program to communications director Bill Nowling, who promised information but did not return calls.

Party chairman Carabelli said that the Republican Party is training election challengers to "make sure that [voters] are who they say who they are."

When asked for further details on how Republicans are compiling challenge lists, he said, "I would rather not tell you all the things we are doing."

Vote suppression: Not an isolated effort

The issue of voter challenges is arising around the country. In Ohio, the Columbus Dispatch, in an July 6 article titled "Foreclosed-on voters using old addresses could snag election," reported that Doug Preisse, a member of the board of elections in Franklin County and the chair of the local GOP, said he has not ruled out challenging voters before the election. Hebert, the voting-rights lawyer, sees a pattern.

"At a minimum what you are seeing is a fairly comprehensive effort by the Republican Party, a systematic broad-based effort to put up obstacles for people to vote," he said. "Nobody is contending that these people are not legally registered to vote.

"When you are comprehensively challenging people to vote," Hebert went on, "your goals are two-fold: One is you are trying to knock people out from casting ballots; the other is to create a slowdown that will discourage others," who see a long line and realize they can't afford to stay and wait.

Challenging all voters registered to foreclosed homes could disrupt some polling places, especially in the Detroit metropolitan area. According to the real estate Web site RealtyTrac, one in every 176 households in Wayne County, metropolitan Detroit, received a foreclosure filing during the month of July. In Macomb County, the figure was one household in every 285, meaning that 1,834 homeowners received the bad news in just one month. The Macomb County foreclosure rate puts it in the top three percent of all U.S. counties in the number of distressed homeowners.

Wayne, Oakland, Macomb, Kent and Genessee counties were — in that order — the counties with the most homeowners facing foreclosure, according to RealtyTrac. As of July, there were more than 62,000 foreclosure filings in the entire state.

Joe Rozell, director of elections for Oakland County in suburban Detroit, acknowledged that challenges such as those described by Carabelli are allowed by law but said they have the potential to create long lines and disrupt the voting process. With 890,000 potential voters closely divided between Democratic and Republican, Oakland County is a key swing county of this swing state.

According to voter challenge directives handed down by Republican Secretary of State Terri Lynn Land, voter challenges need only be "based on information obtained through a reliable source or means."

"But poll workers are not allowed to ask the reason" for the challenges, Rozell said. In other words, Republican vote challengers are free to use foreclosure lists as a basis for disqualifying otherwise eligible voters.

David Lagstein, head organizer with the Michigan Association of Community Organizations for Reform Now (ACORN), described the plans of the Macomb GOP as "crazy."

"You would think they would think, 'This is going to look too heartless,'" said Lagstein, whose group has registered 200,000 new voters statewide this year and also runs a foreclosure avoidance program. "The Republican-led state Senate has not moved on the anti-predatory lending bill for over a year and yet [Republicans] have time to prey on those who have fallen victim to foreclosure to suppress the vote."

———

Correction: This article has been amended to reflect the fact that Doug Preisse informed Michigan Messenger that he did not "state or imply" that he had not ruled out challenges "due to foreclosure related address issues," as originally reported.

Print 🖨   Subscribe to RSS 📶  Bookmark & Share 📤

Comments for this post are closed.

Exhibit 17

Michigan Messenger » Republicans recant plans to foreclose voters but a...          http://michiganmessenger.com/4231/republicans-recant-plans-to-foreclos...



## THE MICHIGAN MESSENGER
A CENTER FOR INDEPENDENT MEDIA SITE

Search

Home
Economy
Environment
Energy
State Politics
LGBT
Media Monitor
Blog
Links
About Us
Contact Us/News Tips

Republicans recant plans to foreclose voters but admit other strategies

By Eartha Jane Melzer 9/11/08 3:41 PM

The Macomb County Republican Party chair who told Michigan Messenger earlier this week that Republicans planned to challenge voters at the polls using a list of foreclosed homes has changed his story.

James Carabelli now says the party has "no plans to do anything," according to a story in the Macomb Daily.

Reports of the plan for foreclosure-based challenges have spurred outrage and the Association of Community Organizations for Reform Now (ACORN) planned a demonstration today at the Macomb County Republican headquarters.

Eric Doster is former counsel for the Michigan Republican Party and a lawyer who plans to represent GOP election challengers on Election Day.

Doster returned a call Wednesday afternoon and in a 30-minute conversation told Michigan Messenger that while he is unfamiliar with plans to use foreclosure lists to challenge voters, he does expect party volunteers to challenge voters in other ways.

When asked whether Michigan Republicans plan to create a challenge list based on returned direct mail, a practice known as "vote caging," Doster replied, "I think so. I know this has been done in years past ... both parties may be doing this."

Doster said that the party's deputy political director, Kelly Harrigan, would have more information about the challenge lists. Harrigan did not respond to a call from Michigan Messenger.

"Voter caging" is controversial because it can be used to target certain groups of voters. Some say that a piece of returned mail should not be enough to challenge a person's claim of residency.

Last week Ohio Secretary of State Jennifer Brunner acknowledged that the use of mail for vote caging has disproportionately affected poor and minority communities and she instructed that returned mail should not be considered reasonable evidence that someone has moved.

Print     Subscribe to RSS     Bookmark & Share

Comments for this post are closed.

# Exhibit 18

In Volusia County thousands are newly registered, but may be challenged at polls - The D...

West Volusia's community newspaper of DeLand, Orange City, Deltona, DeBary, Lake Helen, DeLeon Springs, Glenwood, Pierson, Cassadaga, Seville and Barberv





DeLand-Deltona **Beacon** online
www.beacononlinenews.com

Read The Latest Edition!
SUBSCRIBE | LOGIN

More News  |  Free Classifieds  |  Entertainment  |  Opinions  |  News About You  |  E
Obituaries  |  Calendar of Events  |  Find a ... Directory  |  Forums  |  Newcomer's Guide

Enter search ...
Search Site

Home
More News
Obituaries
Free Classifieds
Calendar of Events
Entertainment
Find a ... Directory
Opinions
Forums
News About You
Photos
Real Estate
Newcomer's Guide
*Beacon* Magazines
Advertise
Local Web Sites
About The Beacon
Beacon Archives


Reach your new customer online!
Advertise here

## In Volusia County thousands are newly registered, but may be challenged at polls

📧 Send this to a friend

By Barb Shepherd and Pat Hatfield
BEACON STAFF WRITERS

posted Oct 10, 2008 - 3:01:26pm

Text Size

Volunteers have worked hard across Volusia County to sign up a tidal wave of new voters, but other forces are in play that could push back that surge.

On Oct. 7, Volusia County Elections Supervisor Ann McFall told a Chamber of Commerce group that 1,000 people had visited the Elections Office in Downtown DeLand the previous day, the deadline for registering to vote in the Nov. 4 election.



BEACON PHOTO/PAT HATFIELD
**Checking the rolls** — Co-President Dave Wilson of the Democratic Club of Northwest Volusia checks over the results of the club's registration drive. Wilson said, "We were very careful. We required the same ID the Elections Office requires — a driver's license, state ID card or student ID card." Signatures were compared for a match, as well. Wilson said there were more than 1,600 new registrations during the drive.

### Related Topics

Nearly 4 in 5 Volusia County voters haven't cast ballots yet

Campaign craziness: Politics turn ugly in Downtown DeLand

Feeney, Kosmas race toward finishing line

Some of those people were volunteers turning in registrations they had collected.

"Between our headquarters and the Obama headquarters, we've had around 450 registrations in the DeLand area," Sylvia Perkins at Democratic Headquarters in DeLand said.

Shirley Patterson at DeLand's Republican Headquarters said around 20 people had come in to register Oct. 6. Two days earlier, GOP volunteers collected registrations in Downtown DeLand.

"We did get quite a few registrations at the Chili Cookoff," Patterson said.

McFall said a team of 45 people was expected to work until 10 p.m. Tuesday night entering new voters in the statewide database. The Elections Office has 33 regular employees.

In Volusia County thousands are newly registered, but may be challenged at polls - The D...

As of Oct. 7, McFall said, between 5,000 and 6,000 new voters still needed to be entered before Oct. 17.

Since Jan. 1, the supervisor noted, 25,000 new voters have registered in Volusia County. They are "overwhelmingly" Democrats, she said.

While the surge of new voters is expected to help Democratic Sen. Barack Obama in his bid for the presidency, the Republican Party is mounting its own counter effort.

McFall told the Chamber group she expects the rights of anywhere from 1,000 to 10,000 voters to be challenged in this election.

Vote challenges — when a person or group calls into question the right of a particular voter to cast a ballot — are not new. However, challenges used to happen at the polls on Election Day, and in recent years there have been few of them.

"Since 2004, I've probably seen two challenges to votes," McFall said.

Thanks to a new law passed by the Florida Legislature, she explained, groups interested in challenging voters now may do so up to 30 days before an election.

Once a voter's right to cast a ballot is challenged, McFall's office must attempt to notify the voter, and must flag the voter's name in the statewide database.

If the problem can't be straightened out at the supervisor's office before Election Day, the challenged voter will be required to vote a provisional ballot, then visit the Elections Office within 48 hours after the election to disprove the allegations of the challenge.

"One party, that we know of, is going to challenge every voter that's being foreclosed on," McFall said.

People whose homes are in foreclosure may change their addresses and forget to update their voter registrations. Political parties send letters to these people with instructions to the post office not to forward the mail. If the letters are returned to the sender, a challenge is filed, claiming the voter doesn't live where he or she is registered to vote.

"With our economic crisis," McFall said, "it's going to cause these challenges."

Voting-rights activists call it "caging."

McFall, a Republican, said afterward the party known to be doing the foreclosure challenges is the Republican Party. A call to the head of the Volusia County Republican Party was not returned.

Such activities have sparked lawsuits elsewhere in the country.

Two newspapers reported the Obama campaign and the Democratic National Committee have filed a federal lawsuit in Michigan over the Michigan Republican Party's plan to use foreclosure lists to challenge voters at the poll.

McFall's challenger for re-election to the supervisor job, Susan Pynchon, also spoke at the DeLand Area Chamber of Commerce forum Oct. 7.

Pynchon said several factors are working against problem-free voting.

"I do have concerns about voter confusion, as well as this caging that's going on, then you add the exact-match law to that," Pynchon said. "There are all kinds of ways the

Case 2:81-cv-03876-DRD-MAS   Document 38-5   Filed 11/03/08   Page 50 of 50

In Volusia County thousands are newly registered, but may be challenged at polls - The D...

political parties use to keep people from voting."

"Exact-match," or "voter verification," refer to a new law that affects voter-registration applications filed on or after Sept. 8, 2008.

The law is being implemented now, after a legal challenge and several modifications.

New voters must provide a Florida driver-license number, state identification-card number or the last four digits of their Social Security numbers.

The ID number is automatically cross-checked against the Florida driver-license database or the Social Security Administration database. If the number does not match, the Bureau of Voter Registration Services checks for typographical errors or a difference between a nickname on record and formal name on the voter registration, for example.

If the names still can't be matched, the applicant is instructed to mail in a photocopy of proper identification, or to show their identification in person at the Elections Office.

If proof is provided before the election, the voter becomes registered and is able to vote on a regular ballot. Otherwise, he or she may vote on a provisional ballot and has until 5 p.m. of the second day after the election to prove identity and have the ballot counted.

Voting activists say many new registrants who get notices about a problem with their application simply may not vote, or may run out of time to get to the Elections Office and solve the problem.

Pynchon questioned why the new law was put into effect now.

"The secretary of state could have put this law into effect in August," she told the Chamber group. "Now we are testing out this new law with this huge presidential election upon us."

McFall predicted voter registration, not vote-counting, will be the focus of legal challenges this year.

"The challenges in court are going to be voter registration," she said.

Voting-rights groups are advising voters to double-check the status of their registration before going to vote.

— info@beacononlinenews.com

