Not Reported in F.Supp.                           FOR EDUCATIONAL USE ONLY                                                    Page 1
Not Reported in F.Supp., 1996 WL 592645 (E.D.Pa.)
**(Cite as: 1996 WL 592645 (E.D.Pa.))**

C

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
UNITED STATES of America
v.
Mary DANSBURY
**No. CRIM. 89-156-2.**

Oct. 15, 1996.

*MEMORANDUM AND ORDER*

BECHTLE, J.

**\*1** Presently before the court is Mary Dansbury's Motion for Return of Forfeited Property Due to Violation of Fifth Amendment Double Jeopardy and Eighth Amendment Excessive Fines Clauses Pursuant to Rule 41(e) and Rule 60(b), and the United States of America's opposition thereto.[FN1] For the reasons set forth below, the court will deny the motion.

> FN1. The captions on parties' briefs contain two case numbers, one civil and one criminal. Criminal No. 89-156-2 is Dansbury's prosecution and conviction for various drug offenses. Civil No. 89-7282 is the United States' civil forfeiture action against the 1985 Lincoln. Even though the court will treat this motion as a civil motion, it will be docketed and filed under the criminal case number.

I. *BACKGROUND*

Mary Dansbury ("Dansbury") is a federal prisoner in West Virginia. On April 21, 1989, she was convicted in this court of drug possession and distribution offenses that occurred between 1980 and 1987. Dansbury moves pursuant to Federal Rule of Criminal Procedure 41(e) and Federal Rule of Civil Procedure 60(b), arguing that she is entitled to the return of a 1985 Lincoln LSC Mark VII automobile ("1985 Lincoln") and real property located at 12 Russett Lane in Levittown, Pennsylvania ("12 Russett Lane"). She argues that the United States of America ("United States"), which obtained title to the 1985 Lincoln in a 1990 civil forfeiture action, violated her rights under the Double Jeopardy and Excessive Fines clauses of the Constitution of the United States. The United States has opposed the motion on the ground that it is time-barred. Alternatively, United States argues that, if Dansbury's claim is not time-barred, she is not entitled to the return of the house or car under the substantive law controlling this case.

As set forth below, the court will deny Dansbury's motion because it is inappropriate, untimely, and meritless.

II. *DISCUSSION*

A. *The Judgment in One 1985 Lincoln*

On June 4, 1990, another judge in this court presided over an *in rem* civil forfeiture action against the 1985 Lincoln. *United States of America v. One 1985 Lincoln LSC Mark VII, etc.,* No. 89-7282 (E.D. Pa. June 4, 1990). In that case, the United States sought the forfeiture of the 1985 Lincoln on two grounds. First, it alleged that Dansbury used the car to deliver about three pounds of methamphetamine in February 1988. *See* 21 U.S.C. § 881(a)(4); (U.S. Mem. Opp. Return of Property Ex. D ¶¶ 6-7.) Second, it alleged that the money used to purchase the 1985 Lincoln was the proceeds from methamphetamine sales. *See* 21 U.S.C. § 881(a)(6); (U.S. Mem. Opp. Return of Property Ex. D ¶¶ 8-9.). The United States sought a judgment declaring the property condemned and forfeited to the United States. *Id.* at 4.

In response to the Amended Complaint, Louise Galione[FN2] ("Galione") filed a claim to the 1985

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 2:81-cv-03876-DRD-MAS   Document 79-5   Filed 06/26/09   Page 2 of 4
FOR EDUCATIONAL USE ONLY

Lincoln and an Answer asserting that she was entitled to the return of the car. *Id.* Ex. C. Galione averred that she and her deceased husband, Nicholas, were the titled owners of the car. She argued that she was entitled to the car because she bought it with lawfully acquired money, that she never used the car for an unlawful purpose, and that she took all reasonable steps to prevent the car from being used in illegal activity. *Id.* Ex. E at 2. On June 4, 1990, the court entered judgment in favor of the United States and against the 1985 Lincoln.

> FN2. The United States' legal memorandum asserts that Galione is Dansbury's mother. (U.S. Mem. Opp. Return of Property at 2.)

**\*2** Dansbury, who was neither a party nor a claimant in that action, now seeks relief from the judgment.

B. *Motion for Return of Property Under Rule 41(e)*

Dansbury is not entitled to relief under Federal Rule of Criminal Procedure 41(e). This rule permits "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property [to] move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property." Fed.R.Crim.P. 41(e). This rule does not apply to this motion because Dansbury seeks the return of the 1985 Lincoln, which was the subject of a *civil* forfeiture action. The Federal Rules of Criminal Procedure do not apply to "civil forfeiture of property for violation of a statute of the United States." Fed.R.Crim.P. 54(b)(5). The appropriate motion seeking the return of property that has been the subject of a civil forfeiture case is Federal Rule of Civil Procedure 60(b). *See United States v. Madden,* 95 F.3d 38, 40 (10th Cir.1996).

C. *Motion for Relief from Judgment Under Rule 60(b)*

Generally, a civil judgment is presumed to be final. In certain narrow circumstances, however, a party may move under Federal Rule of Civil Procedure 60(b) for relief from a judgment under any of six factual situations. Dansbury does not specify which of the situations applies to her motion. The argument contained in her legal memorandum, however, is based on three landmark Supreme Court decisions in the civil forfeiture area and subsequent case law based on the three decisions. (Dansbury's Mem. Supp. Return of Property at 2.) Specifically, she cites *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767 (1994), *Austin v. United States,* 509 U.S. 602 (1993), *United States v. Halper,* 490 U.S. 435 (1989), and related federal appellate and trial court decisions. She argues that, if the *One 1985 Lincoln* case were governed by the law as it exists today, she would be entitled to the return of 12 Russett Lane and the 1985 Lincoln.

The fifth and sixth clauses of Rule 60(b) apply to motions seeking relief from judgment on the grounds of a change in the law:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b)(5), (6).

Parties moving under Rule 60(b) bear the heavy burden of proving that extraordinary circumstances are present to justify such extraordinary relief. *Bohus v. Beloff,* 950 F.2d 919, 930 (3d Cir.1991). The United States Court of Appeals for the Third Circuit has stated that Rule 60(b) "does not confer upon the district courts a standardless residual of discretionary power to set aside judgments." *Martinez-McBean v. Government of the Virgin Islands,* 562

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1996 WL 592645 (E.D.Pa.)
**(Cite as: 1996 WL 592645 (E.D.Pa.))**

Case 2:81-cv-03876-DRD-MAS   Document 79-5   Filed 06/26/09   Page 3 of 4

FOR EDUCATIONAL USE ONLY

F.2d 908, 911 (3d Cir.1977). The following reasons make it clear that the court must deny Dansbury's motion.

**\*3** First, Dansbury may not move under Rule 60(b) for the return of 12 Russett Lane because the United States did acquire the property by forfeiture in *One 1985 Lincoln* or, for that matter, in any other case. Rather, a state-court docket reveals that Citicorp Mortgage Inc. foreclosed upon the property in 1990 in a state court proceeding in Bucks County, Pennsylvania. (U.S. Mem. Opp. Return of Property Ex. A) (civil case docket from a Bucks County, Pennsylvania, court in *Citicorp Mortgage Inc. v. Dansbury,* No. 89-10262). The court finds that the United States does not, and has never, possessed 12 Russett Lane and, therefore, the court can not order the United States to return it to Dansbury.

Second, the court may not relieve Dansbury from the judgment entered in *One 1985 Lincoln* because Dansbury was not a party, a party's legal representative, or a claimant in that action. Thus, under the plain language of Rule 60(b), Dansbury does not have standing to seek relief from the judgment in *One 1985 Lincoln.*

Third, Dansbury's motion was not "made within a reasonable time" as required by Rule 60(b). She filed it five and one-half years after the judgment in *One 1985 Lincoln.* Whether that delay is reasonable depends on when Dansbury should have known that her rights were compromised by the civil forfeiture. Even assuming that Dansbury is correct that the May 15, 1989, *Halper* decision controls this motion and entitles her to relief, she apparently was, or should have been, well aware of *Halper* on October 10, 1989, the day *One 1985 Lincoln* was filed. Dansbury did not to assert a claim in that proceeding. In her motion, she

advances no justification whatsoever for seeking to reopen [the] judgment years after the *Halper* decision was issued.... [Dansbury]'s nearly [six]-year delay in filing this motion following the *Halper* decision cannot be said to have been within a "reasonable time," and [Dansbury] has presented no good cause for h[er] delay.

*United States v. 12310 Short Circle,* 162 F.R.D. 136, 139 (E.D.Cal.1995). If, as Dansbury argues, *Austin* entitles her to the return of the 1985 Lincoln, she has not explained why she filed this motion two and one-half years after *Austin* was rendered on June 28, 1993. For these reasons, Dansbury's motion is not timely.

Fourth, Dansbury has not set forth extraordinary circumstances establishing that she is entitled to relief under Rule 60(b)(5). A party is entitled to relief from a judgment under Rule 60(b)(5) if "a prior judgment upon which it is based has been reversed or otherwise vacated." Dansbury has not alleged that a judgment has been reversed or that *One 1985 Lincoln* was based on another judgment. Therefore, Dansbury is not entitled to relief on this ground.

Dansbury also can not prevail on the ground that "it is no longer equitable that the [*One 1985 Lincoln* ] judgment should have prospective application." This clause of Rule 60(b)(5) applies to judgments that vest the court with continuing jurisdiction over a grant of injunctive relief, such as a consent decree to reform an institution. *See* 11 Charles A. Wright *et al., Federal Practice and Procedure* § 2683, at 337-38 (2d ed.1995) (stating that Rule 60(b)(5) "applies to any judgment that has prospective effect as contrasted with those that offer a present remedy for a past wrong"). The judgment in *One 1985 Lincoln* has no prospective application. Even if this rule could be applied in the *in rem* civil forfeiture action context, Dansbury has failed to provide the court with a single reason why it no longer is equitable for the United States to continue to own the 1985 Lincoln.

**\*4** Fifth, Dansbury has not alleged an extraordinary circumstance establishing that she is entitled to relief under the "catch-all" or "residual" clause of Rule 60(b)(6).

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp. FOR EDUCATIONAL USE ONLY Page 4
Not Reported in F.Supp., 1996 WL 592645 (E.D.Pa.)
**(Cite as: 1996 WL 592645 (E.D.Pa.))**

Case 2:81-cv-03876-DRD-MAS   Document 79-5   Filed 06/26/09   Page 4 of 4

IV. *CONCLUSION*

For the reasons set forth above, the court will deny Dansbury's motion.

An appropriate Order follows.

*ORDER*

AND NOW, TO WIT, this day of October, 1996, upon consideration of Mary Dansbury's Motion for Return of Forfeited Property Due of Violation of Fifth Amendment Double Jeopardy and Eighth Amendment Excessive Fines Clauses Pursuant to Rule 41(e) and Rule 60(b), and the United States of America's opposition thereto, IT IS ORDERED that said motion is DENIED.

E.D.Pa.,1996.
U.S. v. Dansbury
Not Reported in F.Supp., 1996 WL 592645 (E.D.Pa.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.