UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEMOCRATIC NATIONAL COMMITTEE,
ET AL.,

                    Plaintiffs,

v.

REPUBLICAN NATIONAL COMMITTEE,
ET AL.,

                    Defendants.

Civ. No. 81-3876 (DRD)

**O R D E R**

This matter having come before the Court on a motion by Defendant, the Republican National Committee ("RNC") to vacate or modify a Consent Decree entered into by the parties as part of a settlement for voter intimidation claims brought by the Plaintiff, the Democratic National Committee ("DNC"); and the Court having considered the submissions of the parties, along with the testimony of witnesses oral arguments made at an evidentiary hearing; and for the reasons set forth in the Opinion of even date;

IT IS on this 1st of December 2009, ORDERED that the RNC's Motion to Vacate the Consent Decree is DENIED.  The Consent Decree is modified as follows:

(1) Only the parties to the Consent Decree may bring suit to redress a violation of that agreement.

(2) The preclearance period shall be shortened from 20 to 10 days.  The RNC shall be required to notify the DNC and this Court of any proposed ballot security measures at

least 10 days before instituting such measures so that this Court may determine their legality and whether they comply with the other terms of the Consent Decree.

(3) "Ballot Security," as used in the Consent Decree, shall include any program aimed at combating voter fraud by preventing potential voters from registering to vote or casting a ballot.  Such programs include, but are not limited to, the compilation of voter challenge lists by use of mailings or reviewing databases maintained by state agencies such as motor vehicle records, social security records, change of address forms, and voter lists assembled pursuant to the HAVA; the use of challengers to confront potential voters and verify their eligibility at the polls on either Election Day or a day on which they may take advantage of state early voting procedures; the recording by photographic or other means of voter likenesses or vehicles at any polling place; and the distribution of literature informing individuals at or near a polling place that voter fraud is a crime or detailing the penalties under any state or federal statute for impermissibly casting a ballot.

(4) "Normal poll-watch function" shall include stationing individuals at polling stations to observe the voting process and report irregularities unrelated to voter fraud to duly-appointed state officials.  Such observers may report any disturbance that they reasonably believe might deter eligible voters from casting their ballots, including malfunctioning voting machines, long lines, or understaffing at polling places.  Such observers may not question voters about their credentials; impede or delay voters by asking for identification, videotape, photograph, or otherwise make visual records of voters or their vehicles; or issue literature outlining the fact that voter fraud is a crime

or detailing the penalties under any state or federal statute for impermissibly casting a ballot.

(5) The Consent Decree shall not apply to any initiative undertaken by the RNC that does not have as at least one of its purposes the prevention of either fraudulent voting or fraudulent voter registration. Such programs include any effort undertaken by the RNC, or by any state or local Republican entity with which it coordinates, to increase the number of individuals that cast a ballot in any election, including registering voters pursuant to applicable state statutes or encouraging voters to visit the polls ("get out the vote") on either Election Day or a day on which they may take advantage of state early voting procedures.

(6) The Consent Decree shall expire, and the entirety of its terms shall become null and void, on December 1, 2017, eight years after the date of this Order. If during the period between today's Order and December 1, 2017, the DNC proves by a preponderance of the evidence that the RNC has violated the terms of the Consent Decree, the Decree shall be extended for eight years from the date of that violation.

       **s/ Dickinson R. Debevoise**
       DICKINSON R. DEBEVOISE, U.S.S.D.J.

3