

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
**Tel:** 973.533.0777  **Fax:** 973.533.1112
**Web:** www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct:  973-535-4446

October 27, 2016

**VIA CM/ECF**
Honorable John Michael Vazquez, U.S.D.J.
United States District Court for the District of New Jersey
United States Courthouse and Post Office Building
50 Walnut Street
Newark, New Jersey 07102

      Re:    **Democratic National Committee, et al., v. Republican National Committee, et al., Civil Action No.: 81-3876 (JMV)(JBC)**

Dear Judge Vazquez:

      Pursuant to the Court's Order [Docket Entry No. 102], we write to submit the Democratic National Committee's ("DNC") initial limited and expedited discovery requests for the Court's consideration.

      While the Court has advised that it will consider discovery requests on October 31, 2016, the DNC respectfully requests that the narrow and limited requests set forth below be permitted to be served immediately, and that the RNC meet and confer with the DNC to the extent necessary so that responses to said requests can be provided by October 31, 2016, and additional discovery, if necessary, can be discussed on October 31, 2016 or thereafter.

      The DNC seeks to request from the Republican National Committee ("RNC") the following documents in the RNC's[1] possession, custody, or control:

      1.    All agreements or understandings between the RNC and the presidential campaign of Donald J. Trump ("Trump Campaign") that relate in any way to election protection, ballot security, ballot integrity, poll watching, or poll monitoring.

---

[1] The DNC is amenable to having good-faith discussions with the RNC about limiting the scope of these requests to specific document custodians. The DNC believes, however, that communications between the parties are necessary in order to identify the appropriate custodians.



Honorable John Michael Vazquez, U.S.D.J.
Page 2 of 3

    2.    All communications[2] that mention, discuss, or relate to the statement[3] of Kellyanne Conway during the week of October 17, 2016, that the Trump Campaign is "actively working with the national committee, the official party, and campaign lawyers to monitor precincts around the country."

    3.    All communications that mention, discuss, or relate to the statement of Governor Mike Pence that "the Trump campaign and the Republican National Committee are working very very closely with state governments and secretaries of states all over the country to ensure ballot integrity."

    4.    All communications made on or after January 1, 2016, that mention, discuss, or relate to election protection, ballot security, ballot integrity, poll watching, or poll monitoring.

    5.    All communications that mention, discuss, or relate to Stop the Steal Inc., StopTheSteal.org, #StopTheSteal, Vote Protectors, or voteprotectors.org.

    6.    All communications made on or after January 1, 2016, that mention, discuss, or relate to the Consent Decree.[4]

    7.    All communications made on or after January 1, 2016, that contain the phrase "vote suppression" or "voter suppression."

The DNC respectfully requests that the RNC be ordered to produce these materials to the DNC on or before Monday, October 31, 2016.

    Respectfully,

    **GENOVA BURNS LLC**

    */s/ Rajiv D. Parikh*
    RAJIV D. PARIKH

---

[2] As used herein, the word "communications" shall have its broadest possible meaning and include without limitation emails, text messages, written correspondence, and any other form of communication, electronic or written.

[3] As used herein, "statement" includes any substantially similar statement made on, about, or during the identified date or time period.

[4] As used herein, "Consent Decree" means the final consent decree issued in this case, as modified by order of the Court on July 27, 1987, and again on December 1, 2009.



Honorable John Michael Vazquez, U.S.D.J.
Page 3 of 3

c: Angelo J. Genova, Esq. (via CM/ECF)
Marc E. Elias, Esq. (via electronic mail)
Joshua L. Kaul, Esq. (via electronic mail)
Mark Sheridan, Esq. (via CM/ECF)
Bobby Burchfeld, Esq. (via electronic mail)