# KING & SPALDING

King & Spalding LLP
1700 Pennsylvania Ave, NW
Suite 200
Washington, D.C. 20006-4707
Tel: +1 202 737 0500
Fax: +1 202 626 3737
www.kslaw.com

Bobby R. Burchfield
Direct Dial: +1 202 626 5524
Direct Fax: +1 202 626 3737
bburchfield@kslaw.com

October 28, 2016

Honorable John Michael Vazquez, U.S.D.J.
United States District Court for the District of New Jersey
United States Courthouse and Post Office Building
50 Walnut Street
Newark, New Jersey 07102

Re: *Democratic National Committee, et al., v. Republican National Committee, et al.,*
Civil Action No.: 81-3876 (JMV) (JBC)

Dear Judge Vazquez:

I write on behalf of Defendant Republican National Committee ("RNC"). We have reviewed the Democratic National Committee's ("DNC") letter request for documents served last evening, which seeks a voluminous production of documents by Monday, October 31.

As anticipated during Thursday's conference with the Court, these requests impose significant additional burdens on the RNC during the very time it is striving not only to meet the 2:00 pm EDT deadline on Monday to file its response to the DNC's motion, but also to win elections across the country. While the news reports on which the DNC bases its claim date back in some cases many weeks, it is now only 11 days until Election Day – with early and absentee voting well under way – and, as the DNC knows, the requested discovery would disrupt the RNC's efforts to focus on its business of electing candidates.

As an initial matter, the RNC believes that discovery is unwarranted here. The Court's proposal to await the filing of the RNC's brief before considering discovery during a call on Monday, October 31, 2016, at 4:30 pm, is thoughtful and fair. The DNC has given no additional reasons with its this requests to revisit that issue at this time, and indeed the breadth of the requests further confirm the wisdom of the Court's proposal. We will be prepared to fully present grounds for denying the DNC's discovery request on Monday.

In the interim, the DNC seeks "initial and limited" discovery through requests it characterizes as "narrow and limited." To the contrary, the requests sweep broadly and appear to be more tailored at gathering competitive intelligence from a political adversary while burying that adversary in sprawling document production – fit for a months-long litigation – at the most critical point of the election cycle.

October 28, 2016
Page 2

The timing of the DNC's requests – both in terms of proximity to the election and the short turnaround time – make them further objectionable, as (among other reasons) they would require the following extensive procedures:

1. A reasonable search for the documents would require the RNC to search multiple departments, including the political division, the legal division, and the finance division.

2. A reasonable search for hard documents, if required, would necessitate a search for hard documents in the RNC's National Headquarters in Washington, D.C., as well as up to 121 headquarters facilities across the nation.

3. The search for electronic documents would require a search of the RNC's servers, as well as possibly a search of laptop and desktop computers and other electronic devices.

4. The search would require the efforts of the RNC's IT staff, external assistance, and potentially the assistance of all individuals whose computers and hard drives are subject to search.

5. The effort necessary to comply with the document requests would be extensive, and would require significantly more than three days. This effort would be seriously disruptive to a significant number of RNC employees at the most critical point in the election cycle.

Accordingly, the RNC urges the Court to reject again the DNC's requests for immediate discovery and defer consideration of discovery until Monday October 31, 2016, at 4:30 pm EDT.

Sincerely,

Bobby R. Burchfield

cc: John R. Phillippe Jr., Chief Counsel, RNC