# Exhibit A-01

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DEMOCRATIC NATIONAL COMMITTEE,
NEW JERSEY DEMOCRATIC STATE
COMMITTEE, VIRGINIA L.
PEGGINS, and LYNETTE MONROE,

    Plaintiffs,

v.

REPUBLICAN NATIONAL COMMITTEE,
NEW JERSEY REPUBLICAN STATE
COMMITTEE, ALEX HURTADO,
RONALD C. KAUFMAN and JOHN A.
KELLY,

    Defendants.

Civil Action No. 81-3876
Hon. Dickinson R. Debevoise

FILED
NOV 1 1982

## CONSENT ORDER

This matter having been brought before the Court by Plaintiffs Democratic National Committee ("DNC"), New Jersey Democratic State Committee ("DSC"), Virginia L. Peggins and Lynette Monroe, and by Defendants Republican National Committee ("RNC"), New Jersey Republican State Committee ("RSC"), John A. Kelly, Ronald Kaufman and Alex Hurtado, for the entry of a Consent Order disposing of all claims which have been raised and which could have been raised by way of complaint, counterclaim or crossclaim in the above-entitled matter, and the parties having consented to the entry of this order, and the Court having found good cause, it is on this 1st day of November, 1982,

ORDERED that the annexed settlement agreement between certain plaintiffs and certain defendants, without any finding by this Court of, and without any admission of, liability or wrongdoing by them or by any other person or entity be, and the same hereby is adopted by this Court as its final order in the above-entitled matter; and it is

FURTHER ORDERED that, as a result of the amicable resolution of this matter, Plaintiffs' Amended Complaint be, and the same hereby is, dismissed with prejudice and without costs as against all named Defendants.

Dickinson R. Debevoise, U.S.D.J.

CONSENT AS TO FORM AND ENTRY:

SONOSKY, CHAMBERS, SACHSE & GUIDO

By _/s/ Kenneth Guido, Jr._
   Kenneth Guido, Jr.

BAUMGART & GENOVA

By _/s/ Angelo J. Genova_
   Angelo J. Genova
   Attorneys for Plaintiffs

SHANLEY & FISHER

By _/s/ Thomas F. Campion_
   Thomas F. Campion
   Attorneys for Defendants
   Alex Hurtado and Ronald C.
   Kaufman

STERNS, HERBERT & WEINROTH

By _/s/ Richard K. Weinroth_
   Richard K. Weinroth
   Attorneys for Defendant
   Republican National Committee

STRYKER, TAMS & DILL

By _/s/ William J. Heller_
   William J. Heller
   Attorneys for Defendant
   New Jersey Republican State
   Committee

_/s/ Philip D. Kaltenbacher_
Philip D. Kaltenbacher
Chairman, Republican
State Committee

JOHN J. BARRY, ESQ.

_/s/ John J. Barry_
Attorney for Defendant
John A. Kelly

- 2 -

SETTLEMENT AGREEMENT

WHEREAS, the Democratic National Committee ("DNC"), New Jersey Democratic State Committee ("DSC"), Virginia L. Peggins and Lynette Monroe, Plaintiffs, have instituted an action in the United States District Court for the District of New Jersey, Civil Action No. 81-3876, against the Republican National Committee ("RNC"), New Jersey Republican State Committee ("RSC"), John A. Kelly, Ronald Kaufman and Alex Hurtado, Defendants; and

WHEREAS, the parties wish to resolve amicably all matters raised or which could have been raised in the pleadings in the above-entitled matter,

NOW THEREFORE, in consideration of the foregoing, in consideration of the mutual covenants and conditions herein contained, and for other good and valuable consideration, the parties hereto agree as follows:

1. The undersigned plaintiffs agree to consent to the entry of an order dismissing their Amended Complaint against all Defendants, without costs, with all parties bearing their own attorneys' fees.

2. The RNC and RSC (hereinafter collectively referred to as the "party committees") agree that they will in the future, in all states and territories of the United States:

    (a) comply with all applicable state and federal laws protecting the rights of duly qualified citizens to vote for the candidate(s) of their choice;

    (b) in the event that they produce or place any signs which are part of ballot security activities, cause said signs to disclose that they are authorized or sponsored by the party committees and any other committees participating with the party committees;

    (c) refrain from giving any directions to or permitting their agents or employees to remove or deface any lawfully printed and placed campaign materials or signs;

    (d) refrain from giving any directions to or permitting their employees to campaign within restricted polling areas or to interrogate prospective voters as to their qualifications to vote prior to their entry to a polling place;

    (e) refrain from undertaking any ballot security activities in polling places or election districts where the racial or ethnic composition of such districts is a factor in the decision to conduct, or the actual conduct of, such activities there and where a purpose or significant effect of such activities

is to deter qualified voters from voting; and the conduct of such activities disproportionately in or directed toward districts that have a substantial proportion of racial or ethnic populations shall be considered relevant evidence of the existence of such a factor and purpose;

(f) refrain from attiring or equipping agents, employees or other persons or permitting their agents or employees to be attired or equipped in a manner which creates the appearance that the individuals are performing official or governmental functions, including, but not limited to, refraining from wearing public or private law enforcement or security guard uniforms, using armbands, or carrying or displaying guns or badges except as required by law or regulation, in connection with any ballot security activities; and

(g) refrain from having private personnel deputized as law enforcement personnel in connection with ballot security activities.

3. The party committees agree that they shall, as a first resort, use established statutory procedures for challenging unqualified voters.

4. This Settlement Agreement, and the terms of the Consent Order to be entered pursuant thereto, shall bind the DNC, DSC, RNC, and RSC, their agents, servants and employees, whether acting directly or indirectly through other party committees. It is expressly understood and agreed that the RNC and the RSC have no present right of control over other state party committees, county committees, or other national, state and local political organizations of the same party, and their agents, servants and employees.

5. The parties to this Settlement Agreement shall ask that the New Jersey legislature institute an examination of the provisions of the New Jersey Election Laws to determine whether present laws are adequate to insure the integrity of the electoral process and the physical security of poll workers and their property in New Jersey.

6. All parties agree that they shall bear their own costs and attorneys' fees and further agree that they shall not seek to recover same in any action or proceeding instituted after the execution of this Settlement Agreement and the Consent Decree to be entered pursuant thereto. No party to this Agreement shall undertake any further legal action arising out of events surrounding the November 1981 general election in the State of New Jersey or arising out of the filing of this lawsuit, except as specified in paragraph 7 below.

- 2 -

7. The undersigned Plaintiffs, as Releasors, for and in consideration of the mutual covenants and conditions hereof, and in further consideration of the sum of One Dollar ($1.00), lawful money of the United States of America to the Releasors in hand paid by all Defendants, the receipt of which is hereby acknowledged, have remised, released and forever discharged, and by these presents do remise, release and foreover discharge the Defendants-Releasees of and from all obligations, causes of action, claims or demands, at law or in equity, which arose out of ballot security activities during the 1981 general election in New Jersey that Releasors asserted or could have asserted against the Releasees in Civil Action No. 81-3876 in the United States District Court for the District of New Jersey, provided that nothing in this agreement shall prevent plaintiffs from seeking relief, at law or equity, for a violation of the terms of this settlement agreement or the related consent order incorporating the terms hereof. More particularly, but not by way of limitation, the undersigned plaintiffs expressly agree to abandon and to waive all claims to monetary relief asserted or which could have been asserted against the defendants.

8. It is expressly understood and agreed that this Settlement Agreement, and the Consent Order incorporating the terms hereof, do not constitute any finding or admission of liability or wrongdoing by any defendant and do not constitute any finding or admission of merit or lack of merit to the allegations raised by the plaintiffs. This agreement is not an admission that any of the activities which the party committees have agreed not to undertake were undertaken by any of the party committees or by any party to this lawsuit or by any other person or entity. This agreement is not an admission of civil or criminal liability or responsibility on the part of any participant in it.

Dated _November 1_, 1982.

| DEMOCRATIC NATIONAL COMMITTEE | REPUBLICAN NATIONAL COMMITTEE |
|---|---|
| By _/s/_ | By _/s/_ |
| By _/s/_ | |
| NEW JERSEY DEMOCRATIC STATE COMMITTEE | NEW JERSEY REPUBLICAN STATE COMMITTEE |
| By _/s/_ | By _/s/_ |
| | _/s/_ Philip D. Kaltenbacher, Chairman, Republican State Committee |

- 3 -

7-29-87
bu

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



DEMOCRATIC NATIONAL COMMITTEE,

        Plaintiff,

v.

REPUBLICAN NATIONAL COMMITTEE,

        Defendant.

Hon. Dickinson R. Debevoise
Civil Action No. 86-3972

SETTLEMENT STIPULATION AND
ORDER OF DISMISSAL

Whereas, on November 1, 1982, this Court entered a Consent Order in *Democratic National Committee, et al. v. Republican National Committee, et al.*, Civil Action No. 81-3876 ("Consent Order"). The Democratic National Committee ("DNC"), Republican National Committee ("RNC") and others were parties to the settlement agreement incorporated in and adopted as the Consent Order. The Consent Order remains in full force and effect;

Whereas, during the course of the case, the parties have engaged in extensive discovery from each other and third parties. More than 50 depositions have been taken and thousands of documents have been examined;

Whereas, the RNC and DNC recognize the importance of encouraging citizens to register and vote and the importance of not hindering or discouraging qualified voters from exercising their right to vote;

Whereas, the RNC and DNC recognize the importance of preventing and remedying vote fraud where it exists;

Whereas, the RNC and DNC recognize the importance of neither using, nor appearing to use, racial or ethnic criteria in

connection with ballot integrity, ballot security or other efforts to prevent or remedy suspected vote fraud;

It is therefore ordered upon the agreement and stipulation of the parties and all prior proceedings herein that as to the RNC and DNC the Consent Order is amended to specifically provide:

    A. "Ballot security" efforts shall mean ballot integrity, ballot security or other efforts to prevent or remedy vote fraud.

    B. To the extent permitted by law and the November 1, 1982 Consent Order, the RNC may deploy persons on election day to perform normal poll watch functions so long as such persons do not use or implement the results of any other ballot security effort, unless the other ballot security effort complies with the provisions of the Consent Order and applicable law and has been so determined by this Court.

    C. Except as provided in paragraph B above, the RNC shall not engage in, and shall not assist or participate in, any ballot security program unless the program (including the method and timing of any challenges resulting from the program) has been determined by this Court to comply with the provisions of the Consent Order and applicable law. Applications by the RNC for determination of ballot security programs by the Court shall be made following 20 days notice to the DNC which notice shall include a description of the program to be undertaken, the purpose(s) to be served, and the reasons why the program complies with the Consent Order and applicable law.

Until further order of the Court, the Court retains jurisdiction to make the determinations set forth above.

Except as provided herein, the RNC and DNC respectfully request that the above-captioned case be dismissed with prejudice upon the order of the Court with each to pay its own costs.

IT IS SO STIPULATED:

*/s/ David Boies*
David Boies
Rodney L. Stenlake
G. Elaine Wood
CRAVATH, SWAINE & MOORE
One Chase Manhattan Plaza
New York, New York 10005
(212) 422-3000

*/s/ Douglas S. Eakeley*
Douglas S. Eakeley
Robert J. Gilson
RIKER, DANZIG, SCHERER,
  HYLAND & PERRETTI
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07960
(201) 538-0800

Attorneys for Plaintiff
Democratic National Committee

*/s/ William H. Schweitzer*
William H. Schweitzer
Lee T. Ellis, Jr.
BAKER & HOSTETLER
Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 861-1500

*/s/ Thomas F. Campion*
Thomas F. Campion
James M. Altieri
SHANLEY & FISHER
131 Madison Avenue
Morristown, New Jersey 07960
(201) 285-1000

Attorneys for Defendant
Republican National Committee

AND IT IS SO ORDERED this ___27___ day of July, 1987.

_____s/ Debevoise_____
Dickinson R. Debevoise, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEMOCRATIC NATIONAL COMMITTEE, ET AL.,

        Plaintiffs,

v.

REPUBLICAN NATIONAL COMMITTEE, ET AL.,

        Defendants.

Civ. No. 81-3876 (DRD)

**O R D E R**

This matter having come before the Court on a motion by Defendant, the Republican National Committee ("RNC") to vacate or modify a Consent Decree entered into by the parties as part of a settlement for voter intimidation claims brought by the Plaintiff, the Democratic National Committee ("DNC"); and the Court having considered the submissions of the parties, along with the testimony of witnesses oral arguments made at an evidentiary hearing; and for the reasons set forth in the Opinion of even date;

IT IS on this 1st of December 2009, ORDERED that the RNC's Motion to Vacate the Consent Decree is DENIED. The Consent Decree is modified as follows:

(1) Only the parties to the Consent Decree may bring suit to redress a violation of that agreement.

(2) The preclearance period shall be shortened from 20 to 10 days. The RNC shall be required to notify the DNC and this Court of any proposed ballot security measures at

least 10 days before instituting such measures so that this Court may determine their legality and whether they comply with the other terms of the Consent Decree.

(3) "Ballot Security," as used in the Consent Decree, shall include any program aimed at combating voter fraud by preventing potential voters from registering to vote or casting a ballot. Such programs include, but are not limited to, the compilation of voter challenge lists by use of mailings or reviewing databases maintained by state agencies such as motor vehicle records, social security records, change of address forms, and voter lists assembled pursuant to the HAVA; the use of challengers to confront potential voters and verify their eligibility at the polls on either Election Day or a day on which they may take advantage of state early voting procedures; the recording by photographic or other means of voter likenesses or vehicles at any polling place; and the distribution of literature informing individuals at or near a polling place that voter fraud is a crime or detailing the penalties under any state or federal statute for impermissibly casting a ballot.

(4) "Normal poll-watch function" shall include stationing individuals at polling stations to observe the voting process and report irregularities unrelated to voter fraud to duly-appointed state officials. Such observers may report any disturbance that they reasonably believe might deter eligible voters from casting their ballots, including malfunctioning voting machines, long lines, or understaffing at polling places. Such observers may not question voters about their credentials; impede or delay voters by asking for identification, videotape, photograph, or otherwise make visual records of voters or their vehicles; or issue literature outlining the fact that voter fraud is a crime

or detailing the penalties under any state or federal statute for impermissibly casting a ballot.

(5) The Consent Decree shall not apply to any initiative undertaken by the RNC that does not have as at least one of its purposes the prevention of either fraudulent voting or fraudulent voter registration. Such programs include any effort undertaken by the RNC, or by any state or local Republican entity with which it coordinates, to increase the number of individuals that cast a ballot in any election, including registering voters pursuant to applicable state statutes or encouraging voters to visit the polls ("get out the vote") on either Election Day or a day on which they may take advantage of state early voting procedures.

(6) The Consent Decree shall expire, and the entirety of its terms shall become null and void, on December 1, 2017, eight years after the date of this Order. If during the period between today's Order and December 1, 2017, the DNC proves by a preponderance of the evidence that the RNC has violated the terms of the Consent Decree, the Decree shall be extended for eight years from the date of that violation.

      **s/ Dickinson R. Debevoise**
      DICKINSON R. DEBEVOISE, U.S.S.D.J.