## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, et al.,<br><br>   *Plaintiffs*,<br><br> v.<br><br>REPUBLICAN NATIONAL COMMITTEE, et al.,<br><br>   *Defendants*. | Civil Action No. 81-03876<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

On October 27, 2016, the Court entered a scheduling order (D.E. 102) concerning the emergent motion of Plaintiff Democratic National Committee ("Plaintiff") to hold Defendant Republican National Committee ("Defendant") in contempt for alleged violations of the 1982 Consent Decree, as modified in 1987 and 2009, and for injunctive relief (D.E. 95); and the Court having reviewed Plaintiff's October 27, 2016 request for discovery (D.E. 103); and the Court having reviewed Defendant's October 28, 2016 objection to Plaintiff's requested discovery (D.E. 107); and the Court having reviewed Defendant's opposition brief and exhibits to the substantive motion (D.E. 110, D.E. 111); and on October 31, 2016, the Court having held a telephone conference on the record with counsel for both parties: Angelo Genova, Esq., Rajiv Parikh, Esq., Marc Elias, Esq., and Joshua Kaul, Esq. appearing for Plaintiff, and Mark Sheridan, Esq., Bobby Burchfield,

Esq., and Matthew Leland, Esq. appearing for Defendant; and for the reasons stated on the record; and for good cause shown,

IT IS on this 31st day of October 2016,

**ORDERED** that Plaintiff's requests for discovery enumerated 2 through 7 in its October 27, 2016 letter, are **DENIED** without prejudice;[1] it is further

**ORDERED** that Defendant shall produce[2] to Plaintiff the following no later than 5:00 p.m. EST, November 2, 2016, and file on the docket:

1. All agreements in any form between Defendant and the presidential campaign of Donald J. Trump (the "Trump Campaign") regarding voter fraud, ballot security, ballot integrity, poll watching, or poll monitoring. If the agreements are verbal or oral, or otherwise not reduced to writing, then Defendant shall submit an affidavit of a person or persons with personal knowledge of such

---

[1] Given the limited timeframe in which the Court has to decide this matter, the discovery requests are unworkable. Categories 2 through 6 all concern requests for "communications," which Plaintiff indicates "shall have its broadest possible meaning, and include without limitation emails, text messages, written correspondence, and any other form of communication, electronic or written." D.E. 103 at 2 n.2. The Court is denying the request without prejudice so that if this matter should continue beyond Election Day, November 8, 2016, the Court will be in a better position to consider and rule upon broader requests for discovery.

[2] If necessary, the Court expects Defendant to conduct reasonable due diligence under the circumstances. The circumstances being that Defendant is working under an extremely compressed timeframe. As a result, for instance, the Court does not expect Defendant to conduct an in-depth review of voluminous electronic files. Instead, and by way of example only, Defendant may contact Governor Pence or Ms. Conway to inquire as to the basis for their statements concerning the RNC pertinent to this matter and then Defendant can conduct necessary follow-up. Of course, Defendant should also conduct its own internal inquiry as to whether there is a basis for the statements. An example may be sending a group message, if available, to Defendant's employees, contractors, and volunteers inquiring whether any of the addressees is aware of any voter fraud, ballot integrity, or ballot security efforts by Defendant or anyone acting on Defendant's behalf. The affidavits required herein should refer to the diligence that was performed.

agreements. The person(s) shall be an agent, servant, or employee of Defendant. The affidavit(s) shall set forth all material terms of any such agreement, including any geographic areas which are being targeted for the voter fraud, ballot security, ballot integrity, poll watching, or poll monitoring efforts and the reason(s) those areas are being targeted;

2. An affidavit or affidavits by a person or persons with personal knowledge setting forth in detail Defendant's efforts with the Trump Campaign to work with state governments and secretaries of state to ensure "ballot integrity" as indicated by Governor Mike Pence on or about August 3, 2016. *8-3 Replay: Pence Denver Rally Town Hall*, TrumpTube.tv, http://trumptube.tv/donald-trump-rally-speech-video/video/pence-live-stream-town-hall-8-3-16/, at 16:22-37 (last accessed Oct. 31, 2016). The person(s) shall be an agent, servant, or employee of Defendant. The affidavit(s) shall set forth all material terms of any such efforts, including any geographic areas which are being targeted for the ballot integrity efforts and the reason(s) those areas are being targeted;

3. An affidavit or affidavits by a person or persons with personal knowledge setting forth in detail Defendant's efforts with the Trump Campaign to monitor precincts around the country as indicated by Kellyanne Conway on or about October 21, 2016. D.E. 96-15. The person(s) shall be an agent, servant, or employee of Defendant. The affidavit(s) shall set forth all material terms of any such efforts, including any geographic areas which are being targeted for the precinct monitoring efforts and the reason(s) those areas are being targeted;

3

4. An affidavit or affidavits by a person or persons with personal knowledge setting forth in detail the efforts of RNC member, Rob Gleason, to recruit persons to act as poll watchers in Philadelphia, Pennsylvania. D.E. 96-18. The person(s) shall be an agent, servant, or employee of Defendant. The affidavit(s) shall set forth all material terms of any such efforts and the reason(s) for targeting Philadelphia, Pennsylvania. The affidavit or affidavits should also address why Mr. Gleason's efforts, if any, are not on behalf of the RNC;

5. An affidavit or affidavits by a person or persons with personal knowledge setting forth in detail the efforts of RNC member, Ronna Romney McDaniel, to prepare a massive statewide anti-voter fraud effort in Michigan. D.E. 96-19. The person(s) shall be an agent, servant, or employee of Defendant. The affidavit(s) shall set forth all material terms of any such efforts, including any geographic areas which are being targeted for the anti-voter fraud efforts and the reason(s) for targeting those areas. The affidavit or affidavits should also address why Ms. Romney McDaniel's efforts, if any, are not on behalf of the RNC;

6.  To the extent that no information responsive to categories 1 through 5 exists, then Defendant shall submit an affidavit or affidavit by a person or person with personal knowledge indicating that no responsive information exists and the steps taken to verify that no information exists. The person(s) shall be an agent, servant, or employee of Defendant;

7. As to Paragraph 22 of the Declaration of John R. Phillippe Jr., Esq., submitted by Defendant on October 31, 2016, Mr. Phillippe shall indicate as to the over

400 affirmations received, the categories or titles of the persons who responded and the number of affirmations received under each category or title. By way of example, if responses were received from each of the 6 Regional Political Directors for Defendant, Mr. Phillippe can indicate: "Regional Political Directors – 6 affirmations received," and it is further

**ORDERED** that, as to its emergent motion, Plaintiff's reply to Defendant's opposition shall be submitted on the docket no later than 5:00 p.m. EST on Thursday, November 3, 2016;[3] it is further

**ORDERED** that oral argument is scheduled at 10:00 a.m. EST on Friday, November 4, 2016.

John Michael Vazquez, U.S.D.J.

---

[3] The date and time in this paragraph and the following paragraph expressly modify and supersede the original dates and times set forth in the Court's October 27, 2016 scheduling order. *See* D.E. 102.

5