UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> REPUBLICAN NATIONAL COMMITTEE, et al., <br><br> Defendants | Civil Action No. 81-3876 |

**THE REPUBLICAN NATIONAL COMMITTEE'S SUPPLEMENTAL MEMORANDUM IN RESPONSE TO THE COURT'S OCTOBER 31, 2016 ORDER**

On October 31, 2016, this Court instructed the Republican National Committee ("RNC") to address several specific inquiries. This supplemental memorandum and the attached declarations and exhibits address the Court's inquiries and further demonstrate that the DNC's allegations about the RNC's involvement in ballot security activities are mistaken.

**The RNC's Supplemental Declarations**

In response to the DNC's motion for a preliminary injunction, the RNC submitted declarations from its Chief Counsel, its Political Director, and its six Regional Political Directors. In response to the Court's October 31 order, it is now submitting three supplemental declarations further demonstrating that it has not engaged in any activities prohibited by the Consent Decree. These include declarations from:

1

- Chief Counsel, Republican National Committee, John R. Phillippe Jr. (Exhibit J);

- Chairwoman, Republican Party of Michigan, Ronna Romney McDaniel (Exhibit K);

- Chairman, Republican Party of Pennsylvania, Robert A. Gleason Jr. (Exhibit L).

### Responses to the Court's Inquiries

As set forth in Mr. Phillippe's supplemental declaration, the RNC undertook extensive due diligence to determine whether it had "any agreements in any form between Defendant [RNC] and the presidential campaign of Donald J. Trump (the 'Trump Campaign') regarding voter fraud, ballot security, ballot integrity, poll watching, or poll monitoring." 10/31/16 Order at 2; *see* Phillippe Decl. ¶¶ 4-10. As Mr. Phillippe explains, there are no such agreements. *See id.* ¶ 11.

Mr. Phillippe also personally interviewed Governor Mike Pence, and asked him about the statement he made regarding "ballot integrity" on August 3, 2016. *See id.* ¶¶ 12-13. Governor Pence confirmed that he made the statement based on his incorrect assumptions, and that he has had no contact with the RNC about any ballot integrity program and has no basis to believe that the RNC is working with the Trump campaign on such efforts. *See id* ¶¶ 13, 16. Mr. Phillippe also spoke by telephone with the Trump campaign's campaign manager, Kellyanne Conway. *See id.* ¶ 14. She confirmed that she retracted the statement cited by the DNC in its motion and that she "has no knowledge of, and knows of no facts indicating, the RNC's involvement in any poll monitoring activities in any state." *Id.* ¶ 15; *see also id.* ¶ 16.

The RNC also took steps to further investigate the DNC's mistaken allegations that the RNC has been involved in ballot security measures in Pennsylvania and Michigan. *See* Phillippe Decl. ¶¶ 17-22; Gleason Decl. ¶¶ 3-6; McDaniel Decl. ¶¶ 3-6. As shown in the Declaration of

2

Pennsylvania Republican State Party Chair Rob Gleason, and as confirmed in the news article cited by the DNC, Mr. Gleason was quoted in the news article in his capacity as State Party Chair, not in his capacity as an RNC member.  *See* Gleason Decl. ¶ 5.  His declaration confirms that the RNC is not participating or assisting in the State Party's poll watching effort.  *See id.* ¶¶ 3-6.  Similarly, as shown in the Declaration of Ronna Romney McDaniel, and as confirmed in the news article cited by the DNC, she was quoted in her capacity as Chairwoman of the Republican Party of Michigan, not in her capacity as an RNC member.  *See* McDaniel Decl. ¶ 5.  Ms. McDaniel also confirms that the RNC is not participating or assisting in the State Party's poll watching effort.  *See id.* ¶¶ 3-6.

As this Court previously concluded, both in 1990 and in 2008, the Consent Decree "applies only to the actions of the RNC" and not to actions taken by employees or agents for other committees or organizations.  *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 671 F. Supp. 2d 575, 581-82 & n.1 (D.N.J. 2009).  When an individual is acting solely in his or her capacity as a state party chair that conduct cannot and should not be attributed to the RNC.  *See McConnell v. FEC*, 540 U.S. 93, 157 (2003) (noting that statutory prohibition on national parties' soliciting or directing soft-money contributions does not apply to officers of national parties when they are acting "in their individual capacities" or in their capacity as "officials of state parties").

        Respectfully submitted,

        /s/ Mark D. Sheridan
        Bobby R. Burchfield
        Matthew M. Leland
        KING & SPALDING LLP
        1700 Pennsylvania Ave, N.W., Suite 200
        Washington, D.C.  20006
        Telephone: (202) 626-5524
        Email: bburchfield@kslaw.com

        Mark D. Sheridan
        SQUIRE PATTON BOGGS (US) LLP
        The Legal Center
        One Riverfront Plaza
        1037 Raymond Blvd.
        Newark, New Jersey  07102
        Telephone: (973) 848-5681
        Email: mark.sheridan@squirepb.com

        *Counsel for the Republican National Committee*

Dated:  November 2, 2016

**CERTIFICATE OF SERVICE**

      I hereby certify that this brief filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent by United States Mail to those indicated as non-registered participants, on November 2, 2016.

                                                  /s/ Mark D. Sheridan
                                                  Mark D. Sheridan