```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
------------------------------------------------------

OHIO DEMOCRATIC PARTY,  :  CASE NO. 16-CV-02645

        Plaintiff,  :

vs.  :  OPINION & ORDER
                                          [Resolving Doc. No. 8]
OHIO REPUBLICAN PARTY et. al.,  :

        Defendants.  :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Ohio Democratic Party asks this Court to issue a temporary restraining order ("TRO") enjoining Defendants Ohio Republican Party, Donald J. Trump for President, Inc. ("Trump"), Roger J. Stone, Jr. ("Stone"), and Stop the Steal, Inc. from conspiring to intimidate, threaten, harass, or coerce voters on Election Day.[1]

Plaintiff Ohio Democratic Party argues that the Defendants are violating Section 2 of the Ku Klux Klan Act of 1871[2] and Section 11(b) of the Voting Rights Act of 1965[3] by conspiring to prevent minority voters from voting in the 2016 election in violation of.[4]

As evidence, the Plaintiff points to Donald Trump's comments encouraging rally attendees to monitor "certain areas,"[5] as well as promises from Mr. Trump's supporters to aggressively patrol polling places.[6] Defendants respond that there is no evidence of Defendants

---

[1] Doc. 1. at 27-29; Doc. 8.
[2] 42 U.S.C. § 1985(3).
[3] 52 U.S.C. § 10307(b).
[4] Doc. 1 at 1-2.
[5] *Id.* at 9. "Trump told a crowd in Altoona, Pennsylvania, in August that 'I hope you people can . . . not just vote on the 8th, [but also] go around and look and watch other polling places and make sure that it's 100-percent fine. We're going to watch Pennsylvania—go down to certain areas and watch and study—[and] make sure other people don't come in and vote five times. . . . The only way we can lose, in my opinion—and I really mean this, Pennsylvania—is if cheating goes on.'"
[6] *Id.* at 19. The Plaintiffs cite a *Boston Globe* article where an Ohio resident said "'I'll look for . . . well, it's called racial profiling. Mexicans. Syrians. People who can't speak American," he said. "I'm going to go right up behind

Case No. 16-CV-2645
Gwin, J.

intimidating or harassing voters.[7] Defendants also say that Ohio election law already prohibits the hypothetical conduct complained about by Plaintiffs, and therefore a TRO is inappropriate.[8]

Defendant Trump argues that Plaintiff's proposed TRO is an impermissible "obey-the-law" injunction that simply orders Defendants and their supporters to do what is already required—obey Ohio law.[9] While "obey the law" injunctions are generally disfavored, this motion for injunctive relief does not fit in that category. "Obey the law" injunctions are hyper-generalized orders to indefinitely abide by broad legal commands.[10] Here, rather than issue a broad and indefinite injunctive order, the Court orders compliance with specific provisions of the Ohio Revised Code until voting concludes for the 2016 Presidential Election. And, where there is a legitimate possibility that particular laws may be imminently violated, ordering compliance with those laws is appropriate.

Having considered all of the materials and arguments that have been submitted in this matter, the Court **GRANTS** Plaintiff Ohio Democratic Party's motion for a TRO with respect to Defendants Trump, Stone, and Stop the Steal. The Court denies the request for a TRO as against the Ohio Republican Party.

It is hereby ordered that, effective immediately and extending until 11:59 p.m., November 8, 2016, or until voting in the 2016 Presidential Election is complete, Defendants Trump, Stone, and Stop the Steal—as well as their officers, agents, servants, and employees—and other individuals or groups, including groups associated with the Clinton for Presidency

---

them. I'll do everything legally. I want to see if they are accountable. I'm not going to do anything illegal. I'm going to make them a little bit nervous."
[7] Doc. 24 at 3.
[8] Doc 10. At 3.
[9] Doc. 12 at 2 (citing *E.E.O.C. v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 576 (6th Cir. 1984)).
[10] *See, e.g.*, *Perez v. Ohio Bell Tel. Co.*, No. 15-3303, 2016 WL 3755795, at \*6 (6th Cir. July 14, 2016); *Wooster Brush*, 727 F.2d at 576 (striking down a district court's general order that the defendant be "permanently enjoined from discriminating against women on the basis of their gender").

-2-

Case No. 16-CV-2645
Gwin, J.

campaign, are restrained and enjoined from engaging in voter intimidation activity, including but not limited to:

    a. Hindering or delaying a voter or prospective voter from reaching or leaving the polling place fixed for casting the voter's ballot;

    b. Engaging in any unauthorized "poll watching" activities inside of polling places, within one hundred feet of polling places ("the buffer zone")[11], or within ten feet of a voter standing in a line extending beyond the buffer zone.[12] Unauthorized "poll watching" includes challenging or questioning voters or prospective voters about their eligibility to vote, or training, organizing, or directing others to do the same;

    c. Interrogating, admonishing, interfering with, or verbally harassing voters or prospective voters inside polling places, in the buffer zone, or within ten feet of a voter standing in line outside the buffer zone, or training, organizing, or directing others to do the same;

    d. Distributing literature and/or stating to individuals at polling places, in the buffer zone, or within ten feet of a voter standing in line outside the buffer zone, that voter fraud is a crime, or describing the penalties under any Ohio or Federal statute for impermissibly casting a ballot, or training, organizing, or directing individuals to do the same;

---

[11] *See* O.R.C. 3501.30(A)(4).
[12] *See* O.R.C. 3501.35(A)(2).

-3-

Case No. 16-CV-2645
Gwin, J.

> e. Gathering or loitering, or otherwise being present without the intention to vote, at polling places, in the buffer zone, or within ten feet of a voter standing in line outside the buffer zone;
>
> f. Following, taking photos of, or otherwise recording voters or prospective voters, those assisting voters or prospective voters, or their vehicles at or around a polling place, or training, organizing, or directing others to do the same;
>
> g. Questioning, and training, organizing, or deputizing any persons to question voters at Ohio polling places, in the buffer zone, or within ten feet of a voter standing in line outside the buffer zone, under the guise of the purported "exit polling" or "citizen journalist" operations organized and encouraged by Defendants Stone and Stop the Steal.

This Order does not apply to any activity explicitly authorized by Ohio law with respect to poll observers officially credentialed by a board of elections to be present at the polling place or the right under Ohio law for others to enter a polling place solely for purposes of reviewing the list of voters.[13]

It is further ordered that this Order be publicized to law enforcement and elections officials in advance of Election Day.

The Plaintiff will be required to post a $1,000 bond.

IT IS SO ORDERED.

Dated: November 4, 2016                                         *s/        James S. Gwin*
                                                                JAMES S. GWIN
                                                                UNITED STATES DISTRICT JUDGE

---

[13] *See* O.R.C. 3503.23; O.R.C. 3505.21.