

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777 Fax: 973.533.1112
Web: www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct: 973-535-4446

November 4, 2016

**VIA CM/ECF FILING**
Honorable John Michael Vazquez, U.S.D.J.
United States District Court for the District of New Jersey
United States Courthouse and Post Office Building
50 Walnut Street
Newark, New Jersey 07101

**Re: Democratic National Committee, et al., v. Republican National Committee, *et al.*, Civil Action No.: 81-3876 (JMV)(JBC)**

Dear Judge Vazquez:

We write in response to the Republican National Committee's ("RNC") submission of so-called Proposed Findings of Fact (the "Proposed Facts") this afternoon following argument. [Docket Entry No. 135-1].

First, it is not disputed that the Court requested that the RNC file additional declarations to support statements made at argument for purposes of a complete record. The Democratic National Committee ("DNC") also recently submitted (i) a Temporary Restraining Order issued today by the United States District Court for the Northern District of Ohio in *Ohio Democratic Party v. Ohio Republican Party, et al.*, Case No.: 16-cv-02645 [Docket Entry No. 133-1], and (ii) a declaration containing newly discovered evidence of the RNC's conduct based on communications that occurred around 4:30 P.M. (EST) today [Docket Entry No. 135-1]. Each of these three submissions from the RNC and DNC– which attest to facts and a legal development elsewhere that are relevant to the current application – are proper for consideration by the Court, given the gravamen of issues presented and the compressed and limited discovery that was undertaken over the past week.

However, the RNC's Proposed Facts are quite different. On its face, this document is a lengthy self-serving submission for which neither permission to file was sought, nor which was invited to be filed by the Court. *Cf. L. Civ. R. 7.1(d)* (noting that sur-replies are not permitted without leave of Court). As such, the RNC's Proposed Facts – which appears to be the proverbial second bite at the apple – should not be considered on the pending application. Indeed, the Court






need not make concrete findings of fact at this juncture, but rather simply determine that the DNC has provided evidence and information to the Court that leads to the conclusion that it has established a likelihood of success on the merits of its application, among the other relevant legal factors. While we respectfully submit that the DNC has satisfied this standard, the RNC's unilateral, non-objective and unrebutted proposed "facts" should not be considered by the Court.

As such, the DNC respectfully submits, that while the Court should consider the declarations and order filed by the parties following oral argument today, the RNC's unilateral Proposed Facts should not be considered in rendering the Court's ruling.

Respectfully,

**GENOVA BURNS LLC**

RAJIV D. PARIKH

c: Angelo J. Genova, Esq. (via CM/ECF)
Marc E. Elias, Esq. (via electronic mail)
Joshua L. Kaul, Esq. (via electronic mail)
Mark Sheridan, Esq. (via CM/ECF)
Bobby Burchfield, Esq. (via CM/ECF)