

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.533.1112
Web: www.genovaburns.com

Angelo J. Genova, Esq.
Partner
Member: NY, NJ & PA Bar
agenova@genovaburns.com
Direct:  973-535-7100

December 12, 2016

**VIA ECF FILING**
Honorable John Michael Vazquez, U.S.D.J.
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

      Re:    Democratic National Committee, *et al.*, v. Republican National Committee, *et al.*, Civil Action No.: 81-3876

Dear Judge Vazquez:

      We write respectfully to request that the Court hold a telephone conference regarding additional discovery in the above-captioned matter and/or issue an order permitting the Democratic National Committee ("DNC") to take additional discovery regarding whether the Republican National Committee ("RNC") has violated the Consent Decree between the parties.

      In the proceedings in this matter in the two weeks before the 2016 general election, the Court carefully limited the scope of discovery, while making clear that it was doing so because the DNC's request for a preliminary injuction had to be resolved on a highly expedited basis. As the Court explained in its pre-election opinion, "the reason that the evidence is so limited is due to the time constraints that the parties were operating under due to the approaching Election Day and, as a result, limited the discovery that could reasonably be provided. The Court made this point clear in its October 31, 2016 Order." D.E. 138 at 36 n.17 ("Op.") (citing D.E. 113 at 2 n.2); *see also id.* at 26-27 ("[G]iven the timing of the motion and Election Day, only limited discovery was permitted."); *id.* at 36 ("[T]he Court is cognizant that neither party was permitted to engage in full discovery.").

      The Court also emphasized that it would "hear the parties after Election Day as to additional discovery" regarding the DNC's request to extend the Consent Decree "in order to develop a full record to determine whether an extension is warranted." Op. at 1; *id.* at 2 n.3 ("The Court denied the DNC's discovery requests without prejudice, D.E. 113 at 2 n.2., permitting the DNC to renew its requests after Election Day when the constrained timeframe would no longer be an issue."); *id.* at 27 n.14 ("Due to the limited discovery, … the Court is permitting the DNC to return after Election Day to seek additional discovery."). The Court explained, as an example, that "the DNC posits that if Mr. Priebus advised the Trump Campaign on ballot security efforts, then the RNC would be in violation of the Consent Decree. This is a fair point. … [T]he DNC



Honorable John Michael Vasquez, U.S.D.J.
December 12, 2016
Page 2

may be permitted to take additional discovery after Election Day on this issue among others." *Id.* at 27 n.14. The Court added that, although it was "denying the DNC's current motion for injunctive relief, for a contempt finding, and for sanctions nothing herein prohibits the DNC from making similar motions in the future if, in its view, the DNC believes that such motions are warranted in light of additional information revealed during post-election discovery." *Id.* at 36 n.18.

   Given this background, the DNC respectfully requests that the Court hold a telephone conference regarding additional discovery and/or issue an order permitting the DNC to take additional discovery so that the parties can "develop a full record" and the Court can conclusively "determine whether an extension [of the Consent Decree] is warranted." Op. at 1.

            Respectfully,

            GENOVA BURNS LLC

            ANGELO J. GENOVA

c: Rajiv D. Parikh, Esq. (via CM/ECF)
  Marc E. Elias, Esq. (via electronic mail)
  Joshua L. Kaul, Esq. (via electronic mail)
  Mark Sheridan, Esq. (via CM/ECF)
  Bobby Burchfeld, Esq. (via electronic mail

13816842_1

Genova Burns LLC
Newark, NJ • New York, NY • Camden, NJ • Red Bank, NJ • Philadelphia, PA • Jersey City, NJ • Washington, DC