# KING & SPALDING

King & Spalding LLP
1700 Pennsylvania Ave, NW
Suite 200
Washington, D.C. 20006-4707
Tel: +1 202 737 0500
Fax: +1 202 626 3737
www.kslaw.com

Bobby R. Burchfield
Direct Dial: +1 202 626 5524
Direct Fax: +1 202 626 3737
bburchfield@kslaw.com

December 14, 2016

Honorable John Michael Vazquez, U.S.D.J.
United States District Court for the District of New Jersey
U.S. Courthouse and Post Office Building
50 Walnut Street, Courtroom PO 03
Newark, New Jersey 07101

**Re:** *Democratic National Committee, et al. v. Republican National Committee, et al.*,
**Civil Action No.: 81-3876 (JMV) (JBC)**

Dear Judge Vazquez:

On Monday evening we received Mr. Genova's letter on behalf of the Democratic National Committee seeking a telephone conference regarding additional discovery in this case. Although our client the Republican National Committee does not object to a telephone call, we ask that the call be scheduled for January, due to the upcoming Holidays and personal travel schedules which could hinder scheduling for the remainder of December.

We also wish to emphasize that, if the Court should grant the DNC discovery in this case, the discovery must be supported by and related to some basis in fact and, therefore, narrowly tailored. As "[t]he Third Circuit Court of Appeals has held, 'discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action.'" *Atkinson v. Middlesex Cty.*, No. CIV.A 09-4863FLW, 2010 WL 398500, at *3 (D.N.J. Jan. 28, 2010) (quoting *Zuk v. E. Pennsylvania Psychiatric Inst. of the Med. Coll. of Pennsylvania*, 103 F.3d 294, 299 (3d Cir. 1996)). In other words, "[d]iscovery is 'designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim.'" *Barry v. Medtronic, Inc.*, No. 16-47, 2016 WL 1056783, at *1 (E.D. Pa. Mar. 17, 2016) (emphasis original) (citation omitted); *see also* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.") The DNC, in short, is not entitled to broad discovery into the books and records of its primary industry competitor unless it comes forward with more than suspicion, speculation, or factual allegations that either date back many years or have already been refuted in this case.

It is significant that, in the days before the November 8, 2016 election, various Democratic state parties filed six lawsuits in U.S. District Courts in Arizona, Michigan, Nevada, North Carolina, Ohio, and Pennsylvania alleging violations of federal laws prohibiting voter intimidation and suppression by the Trump Campaign and other parties (but not the RNC), and seeking preliminary injunctions. None of those cases was successful. Against this background of unsuccessful allegations of voter suppression and intimidation, the RNC respectfully

Honorable John Michael Vazquez, U.S.D.J.
United States District Court for the District of New Jersey
December 14, 2016
Page 2

urges the Court to reject any effort by the DNC to engage in broad discovery in this case unless it has a concrete factual basis for such discovery and the discovery is related to that factual basis. Otherwise, the burden and cost of the discovery would not justify its unlikely benefit.

Moreover, to the degree the DNC is allowed any discovery, the RNC should be allowed discovery of its own to test the DNC's factual allegations. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *In re Gerber Probiotic Sales Practices Litig.*, 306 F.R.D. 527, 528 (D.N.J. 2015) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). If and when the DNC specifies the factual allegations it contends entitle it to discovery, the RNC will submit proposed discovery to the Court, primarily focusing on those allegations. If, for example, the DNC confirms that it will adhere to the allegations in its original brief, the RNC will submit discovery focused on those allegations and other relevant issues.

Accordingly, counsel for the RNC will be available for a conference call at the Court's convenience, but urges the Court to schedule the call after the Holidays. In addition, the RNC urges the Court to allow discovery only if the DNC makes substantial factual allegations and to confine the discovery to those allegations. Finally, in the event the DNC submits substantial factual allegations, the RNC requests discovery into those factual allegations and other relevant matters.

    Respectfully submitted,

    /s/ Bobby R. Burchfield
    Bobby R. Burchfield

cc:	DNC Counsel (by ECF)