

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777 · Fax: 973.533.1112
Web: www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct: 973-535-4446

January 19, 2017

**VIA CM/ECF**
Honorable John Michael Vazquez, U.S.D.J.
United States District Court
District of New Jersey
US Courthouse and Post Office Building
50 Walnut Street, Courtroom 03
Newark, New Jersey 07101

> Re: **Democratic National Committee, et al. v. Republican National Committee, et al.**
> **Civil Action No.: 2:81-cv-03876 (JMV) (JBC)**

Dear Judge Vazquez:

  We were surprised to receive ECF notice of defendant Republican National Committee's ("RNC") January 18, 2017 letter [Docket Entry No. 151]. Counsel for plaintiff Democratic National Committee ("DNC") was not advised that the RNC would be filing the letter or, in fact, that the RNC had any concerns about the litigation hold letters, which RNC counsel was copied on in the first instance. While we submit this response on behalf of the DNC, we respectfully propose that the RNC, consistent with the requirements of our Local Rules, be directed to first contact counsel, and then to meet and confer regarding any discovery issues before presenting same to the Court.

  Notwithstanding the RNC's failure to meet and confer, the complaints alluded to in their submission lack merit. First, contrary to the RNC's implication, the DNC has not served any discovery requests on third parties. Rather, the DNC has followed the Court's direction regarding a staged discovery process, including by sending litigation hold letters to third parties to guard against any risk that relevant documents are destroyed before the Court determines whether to permit third party discovery.

  The litigation hold letters sent to third parties, which are the basis of the RNC's feigned complaint, were specifically discussed during the January 4, 2017 case management conference. In accordance with the Court's directive, the first paragraph of each letter explicitly advises the recipient that the Court has not yet decided whether to allow third-party discovery. As is common practice, the letters provide specific guidance on the subject areas in which the recipient *may* have discoverable information relevant to the issues presented in the present dispute. The letters were transmitted to entities who were referenced in the DNC's



Honorable John Michael Vazquez, U.S.D.J.
January 19, 2017
Page 2

November 2016 submissions, including the Trump Campaign, Trump Organization, Stampede Consulting, Stop the Steal, and several state Republican Party Committees.[1]  Contrary to the RNC's assertion, there is nothing improper about the DNC's letters – neither in ordinary practice in which such letters are exchanged, nor in light of our express discussion with Your Honor during the January 4, 2017 case management conference.

In its January 4, 2017 Order [Docket Entry No. 146], the Court granted the DNC permission to seek discovery related to certain evidence raised in its November 2016 submissions and considered by the Court in its November 5, 2016 Opinion [Docket Entry No. 138] ("Opinion").  Although the Court denied the DNC's pre-election emergent application, the Opinion repeatedly emphasized that: (i) the Court's denial was without prejudice,  (ii) despite a lack of meaningful discovery due to time constraints, the DNC had proffered evidence that "could . . . indicate that the RNC and Trump Campaign are working in lock-step on all matters, including ballot security matters," and (iii) if established, the involvement of the RNC with Trump Campaign ballot security activities would  violate the Consent Decree. *See* Opinion at 24, 26. The Court further found that the DNC "presented credible evidence that the RNC is engaged in poll observations in Nevada," contrary to their representations, and that poll watchers were instructed to falsely present themselves as independent or affiliated with the Trump Campaign, rather than the RNC. *Id.* at 32. The DNC also "presented evidence that at least one of the Republican poll observers . . . engaged in conduct that could be construed as related to voter fraud." *Id.*

Given the evidence that the DNC was able to amass without discovery, the Court's decision to permit targeted post-election discovery, and to leave open the possibility of targeted third party discovery, is amply supported. And because of the serious risk that relevant evidence is destroyed prior to the Court deciding whether to permit additional discovery -- and before the exchange of any information from the first phase of discovery between the parties -- sending litigation hold letters at this juncture to entities and individuals who may be subject to such discovery in the future is not just prudent, but is critical to ensure that the opportunity for the Court to consider this matter on a "full record," Opinion at 1, is not stymied at the outset.[2]

The RNC's general and unsubstantiated claim that these recipients are somehow "burdened" by being put on notice that the DNC may seek discovery from them if the Court permits and, accordingly, that they should not delete or shred potentially relevant evidence, is similarly unsupportable.  Indeed, the DNC has been unable to find a single case in which a

---

[1] Additional targeted hold letters were sent out via United Parcel Service on January 18, 2017, and emailed to counsel for the RNC shortly after the filing of the RNC's letter.
[2] Nor has the DNC misused this process. Indeed, the DNC only sent litigation hold letters to a portion of the individuals or entities who were mentioned in the evidentiary submissions filed with the Court as part of the DNC's November 2016 emergency application.



Honorable John Michael Vazquez, U.S.D.J.
January 19, 2017
Page 3

court found that the mere receipt of a litigation hold notice from a litigant indicating that it is likely to seek discovery if permitted to do so, imposes a burden, undue or otherwise. This is because no such undue burden exists in such circumstances.

In fact, the RNC's complaints about unspecified burdens that it claims are imposed upon third parties as a result of the simple receipt of a litigation hold letter that expressly conveys that the discovery sought will only come to pass if the Court orders it in the future, is itself cause for significant concern. The alternative would be to permit relevant records held by non-parties to be irretrievably destroyed. Any *specific* concerns about burden (assuming such complaints could be supported) would be militated against the prejudice the DNC would suffer if discoverable materials were permanently lost.

As such, the DNC respectfully submits that the DNC be permitted to proceed with the staged discovery process outlined by the Court during the January 4, 2017 case management conference, and that the RNC be directed to meet and confer to resolve any discovery issues, including those regarding the litigation hold letter, with counsel for the DNC.

Thank you for Your Honor's continued assistance with this matter.

Respectfully,

GENOVA BURNS LLC

*/s/ Rajiv D. Parikh*

RAJIV D. PARIKH

RDP/BMP:dmc

c:  Angelo J. Genova, Esq. (via CM/ECF)
    Marc E. Elias, Esq. (via electronic mail)
    Bruce V. Spiva, Esq. (via electronic mail)
    Elisabeth C. Frost, Esq. (via electronic mail)
    Joshua L. Kaul, Esq. (via electronic mail)
    Mark Sheridan, Esq. (via CM/ECF)
    Mark Errico, Esq. (via electronic mail)
    Bobby Burchfield, Esq. (via electronic mail)
    Matt Leland, Esq. (via electronic mail)

13843197v2 (1856.006)