# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, et al.,<br><br>      *Plaintiffs*,<br><br>v.<br><br>REPUBLICAN NATIONAL COMMITTEE, et al.,<br><br>      *Defendants*. | Civil Action No. 81-03876<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter arises from a discovery dispute between Democratic National Committee ("DNC") and the Republican National Committee ("RNC") in the above matter. Specifically, the dispute concerns the DNC's First Set of Requests for Production ("RFP") and the RNC's corresponding objections. D.E. 162-2. The parties submitted a joint letter dated June 19, 2017 (D.E. 162), and each party then submitted separate letters dated June 26, 2017 (D.E. 164 & 165). Thereafter, the Court held a conference with counsel on July 6, 2017. For the reasons stated on the record on July 6; and for good cause shown,

IT IS on the 7th day of July 2017,

**ORDERED**[1] that the relevant period of discovery shall be limited to May 1, 2016 until December 1, 2016 (Instruction No. 15); and it is further

**ORDERED** that any document(s) that the RNC deems to contain "competitively sensitive information" shall nonetheless be produced pursuant to a protective order, limited to outside attorneys' eyes only, except that Marc Elias, Esq., shall not be permitted to view such documents[2] (Instruction No. 2); and it is further

**ORDERED** that the RNC shall produce documents relevant to poll watching[3] and ballot security/ballot integrity activities in Pennsylvania, Michigan, and Nevada (but not Virginia), including information regarding the respective State Party Chairs of Pennsylvania and Michigan (Request Nos. 4, 5, 6, 7, 8); and it is further

**ORDERED** that the DNC's request that the RNC produce documents and communications regarding its voting machine experts and consultants in Virginia is **DENIED** without prejudice (Request Nos. 4, 7); and it is further

**ORDERED** that the DNC's request that the RNC produce all documents and communications with the terms or phrases included in Requests 11 and 12 is **DENIED** without prejudice; and it is further

**ORDERED** that the RNC shall produce all contracts, agreements, and, invoices with Stampede Consulting, LLC (Stampede) as well as other documents regarding the scope of work Stampede performed for the RNC (Request Nos. 9, 20); and it is further

---

[1] To the extent the Court is denying a party's request, it is done without prejudice. Either party may renew a previously denied request if the party believes that new evidence warrants it.

[2] If the parties dispute whether particular information is "competitively sensitive," they may bring the matter to the Court for adjudication.

[3] The definitions in the RFP are not altered by this Order.

**ORDERED** that the RNC shall produce documents of any employee(s) who took a leave of absence to work with the Trump Campaign on poll watching or ballot security/ballot integrity activities in Pennsylvania, Michigan, and Nevada or who worked in a specified geographic region that encompassed one of the three listed states[4] (Request No. 17); and it is further

**ORDERED** that the DNC's request that the RNC produce documents and communications with JTD Strategies is **DENIED** without prejudice (Request Nos. 19, 20); and it is further

**ORDERED** that if any discovery disputes arise, the parties shall meet and confer in accordance with the Local Civil Rules of Procedure; if an amical resolution cannot be reached, the parties may request a telephone conference with the Court.

*[signature]*
John Michael Vazquez, U.S.D.J.

---

[4] As to employees who took a leave of absence to work in a specific geographic region that encompassed one or all of the three states, the Court permitted the RNC to first review if it had such information and, if so, the feasibility of producing the information.