THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CIVIL ACTION NO. 81-3876 (JMV)

- - - - - - - - - - - - - - - - - - x
                                    :
DEMOCRATIC NATIONAL COMMITTEE,      :      TELEPHONIC
et al.,                             :      TRANSCRIPT
            Plaintiffs,             :         OF
          -v-                       :      PROCEEDINGS
                                    : (TELEPHONIC CONFERENCE)
REPUBLICAN NATIONAL COMMITTEE,      :
et al.,                             :
                                    :
            Defendants.             :
- - - - - - - - - - - - - - - - - - x
                         September 7, 2017
                         Newark, New Jersey

B E F O R E:   HONORABLE JOHN MICHAEL VAZQUEZ, U.S.D.J.
A P P E A R A N C E S:

                  GENOVA, BURNS, ESQS.,
                  BY:  ANGELO J. GENOVA, ESQ.,
                       RAJIV D. PARIKH, ESQ.,
                            &
                  PERKINS, COIE, ESQS.,
                  BY:  JOSHUA L. KAUL, ESQ.,
                  Attorneys for the Plaintiffs

                  SQUIRE, PATTON, BOGGS, ESQS.,
                  BY:  MARK ERRICO, ESQ.,
                            &
                  KING & SPALDING, ESQS.,
                  BY:  BOBBY R. BURCHFIELD, ESQ.,
                       MATT LELAND, ESQ.,
                       BARRETT YOUNG, ESQ.,
                  Attorneys for the Defendants

NOTE:  ANYONE WISHING TO PURCHASE A COPY OF THIS TRANSCRIPT
CONTACT JOHN K. STONE, CSR - Tel. No. 201-341-6742 or
jkstoneage@verizon.net

_____
Purusant to Section 753 Title 28 United States Code, the
following transcript is certified to be an accurate record
taken stenographically in the above entitled proceedings.
s/ John K. Stone
_____
JOHN KEVIN STONE,
Official Court Reporter

( Via telephone ).

( In chambers ).

THE COURT:  Okay.

Counsel.  Hello.

MR. KAUL:  Yes, Your Honor.

MR. GENOVA:  Yes.

MR. BURCHFIELD:  Yes, Your Honor.

THE COURT:  Okay.

All right.  We're on the record now in the matter of Democratic National Committee, et al versus Republican National Committee, Civil Action Number 81-3876.

And could I please have the appearances of counsel, starting with the DNC?

MR. KAUL:  Your Honor, for the DNC, this is Josh Kaul, Angelo Genova and Raj Parikh.

THE COURT:  Hello, gentlemen.

MR. GENOVA:  Morning, Your Honor.

MR. PARIKH:  Morning, Judge.

THE COURT:  Good morning.

And for the RNC?

MR. BURCHFIELD:  Your Honor, we -- this is Bobby Burchfield, and with me is Matt Leland and Barrett Young. And I believe Mark Sheridan was going to join the call as well.  I'm sorry, Mark Errico.

MR. ERRICO:  Yes, Your Honor, Mark Errico; Squire,

Patton, Boggs office.

THE COURT:  Okay.  Welcome.

All right.  The purpose of today's call is in response to a August 21st, 2017 letter from Mr. Burchfield, it's Docket Entry 169.

I'm going to paraphrase what Mr. Burchfield indicated.  But he went through the amount of documents that have been reviewed, which total over five and a half million total pages, and what has been produced, which is 641 documents, consisting of over 13,000 pages.

Mr. Burchfield also addresses Kishana, K-i-s-h-a-n-a, Holland, who appears to be the woman who was subject to some of the factual allegations made by the DNC before the election.  And essentially, Mr. Burchfield's view is that the documents that have been produced demonstrate that the RNC has been in compliance with the consent decree, and I'm assuming, to bring this current issue to an end.

I did receive the reply from Mr. Genova.  His view was that the DNC needed time to finish the document review, and then also submit a status report to the Court.

I do note that -- and then Mr. Burchfield replied to that as to why he disagreed on August 23rd.  Mr. Burchfield was seeking a telephone conference at the end of August.  I was not available, so we are now here on September 7th.  So I was kind of hoping that fortuitously,

due to my unavailability, that would have given the DNC time to complete its document review, to the extent it had not done so.

So with that by way of background, Mr. Burchfield, do you want to expand upon anything in your letter as to -- so I'm just clear, as to what you're seeking right now? Or/and if it's Mr. Leland or Mr. Young, whoever would like to speak on behalf the RNC, just so I'm clear as to what you're seeking at this point in time.

MR. BURCHFIELD:  Your Honor, thank you.

I think -- I think Your Honor has done a very good job of summarizing the status leading up to the conference call today through the exchange of letters.  And I would just -- I would just add to what Your Honor has said by making three very discrete points.

The first is that the RNC, in our view, has fully complied with the Court's orders regarding discovery in this matter.  The Court instructed the parties that if there were any issues, they should confer with each other, and since the completion of our document production we have not heard from the DNC about any issues that they've had with document production.

Second, our assessment of the documents that have been produced, as indicated in my letter, is that they -- they confirm careful compliance with the consent decree by

the RNC during the time at issue here.  And that no further discovery is warranted by the document production.

And third, we believe that we're at a point in the proceedings where -- where it's time to make a decision on how to go forward with these proceedings.

Our proposal is that there is -- that the allegations have not been substantiated, the RNC has spent an Immense amount of time and money on complying with the discovery requests, and we believe the proceedings should be terminated.

THE COURT:  All right.  Thank you, Mr. Burchfield.

And for the DNC.

MR. KAUL:  Your Honor, this is Josh Kaul.

Just to pick up from where you left off in your summary.  We have recently completed our review of the documents.  We believe, based on that, that depositions on a few discrete areas are justified.

We also think based on some of the prior allegations that certain depositions are justified.

I think that the best way to proceed, so that the Court doesn't have to sort of deal with the documents in the abstract, would be for us to submit something short, in writing, which we could do I'd say by the beginning of next week, explaining the depositions that we would like to take, and the documents or the allegations that justify those

depositions.

And we would then I think submit the documents and the filing under seal, because they've been marked "confidential" by the defendants.

And then the defendants can respond to those requests and we can proceed as the Court thinks appropriate.

THE COURT:  Okay.

I mean, Mr. Burchfield, I understand your position that you think this matter should be completed at this time.

My instincts are Mr. Kaul makes a reasonable request, I should hear him out on behalf of the DNC, and by "him" I mean either Mr. Kaul or Mr. Genova or Mr. Parikh or all three, as to why they think a deposition should proceed.

Obviously, give you sufficient time to respond, and I'll give you both a quick -- well, we'll probably do another conference call so you don't have to come in, once I've reviewed them.  And I'll hear from both parties and I'll make a decision quickly one way or the other.

Is there -- let me hear from the -- so preliminarily, Mr. Burchfield, I would like to hear from the DNC to get their views as to why they think they should have a deposition, and give you a full opportunity to respond. But if you have an objection to that, let me know.

MR. BURCHFIELD:  Your Honor, I -- we are curious about what the DNC is going to see.  If they can shed some

light on that now, that would be helpful to us.

But otherwise, Your Honor's proposal is -- we don't object to the proposal of them putting in writing what they believe justifies taking, as Mr. Kaul said, a couple of very discrete depositions.  And we'll respond to that when we see it.

But as of this point we are very curious about what they're going to say.

THE COURT:  Okay.  Fair enough.

So just a second folks, let me just get my calendar, so we can just set up a schedule on this.  And we'll enter an order today consistent with what we agree upon based on the parties' schedules.

Okay.  So today's the 7th.

Mr. Kaul, you said you could do it by early next week.  So I'm thinking about having your submission in by next Wednesday, September 13th.

I'll give the RNC a week to respond, which would be Wednesday the 20th.

I could hear any reply by the 25th, which would be Monday.

And -- let's see, we could do a conference call the 26th, Tuesday, at 3 o'clock.  And I'll hear from both parties in light of their submissions.

So again, to review --

MR. GENOVA:   Judge --

THE COURT:   Go ahead.  Does that cause -- let's see, first, does that cause anybody problems?

MR. GENOVA:   Judge, this is Angelo Genova.

I'm going to be returning from Europe on the 27th. So my preference would be if you could do the conference on the 28th, that would work for me, if that works for the Court.  If it doesn't work for the Court, everybody else is fine, then I can defer to Mr. Parikh.

THE COURT:   Let me see.  I -- so hold on one second.

13th, 20th, 25th, I mentioned the 26th.  The 27th you're returning.  We could do the 28th.  We could do it in the morning of the 28th, if everybody's available.  I don't have any problem with that.

MR. KAUL:   And, Your Honor, this is Josh Kaul, I apologize, we didn't coordinate on the schedule as far in advance on the call.  The 29th would be better for me.  I don't know how that works with the others.

THE COURT:   Okay.

All right.  Let me first -- let me ask all parties, everybody's okay with the 13th?

MR. GENOVA:   Yes.  That's fine.

THE COURT:   Okay.  That would be DNC.

RNC is okay with their opposition by the 20th?

MR. BURCHFIELD:  Your Honor, that's fine.

I may be out of the country that day, but I trust my colleagues will be able to do that.

THE COURT:  Would you like to do -- because now we're going to be pushing the date back.  I can make it -- will you be back the following day, Mr. Burchfield?

MR. BURCHFIELD:  Your Honor, it is not -- it's not impractical for me to review things while I'm traveling abroad, and I can do that.  So I'm okay with the 20th.

THE COURT:  Okay.  So the 20th.

Any reply would be Monday the 25th.

And then we just have to agree upon a date, and which we'll do by telephone conference to make it more convenient.

So Mr. Kaul proposed the 29th.  Let me ask, how does that work for all other counsel?

MR. BURCHFIELD:  We think we can do that, Your Honor.  The RNC can do that.

MR. GENOVA:  Your Honor, this is Mr. Genova.  I can do that.

THE COURT:  Okay.

So we'll do the 29th at 10:30, we'll do a telephone conference.

Now, I understand that you're going to be submitting documents, and I'm speaking to the DNC, in

support, and that those documents have been marked "confidential."

What you can do is, normally, when we're sealing documents, we send it to the magistrate.  But just to expedite matters, if you send a -- an agreed upon order to seal, I'll sign the consent order so they can be filed under seal.  Okay?

MR. KAUL:  That sounds good, Your Honor.

MR. BURCHFIELD:  Yes, Your Honor.

MR. KAUL:  And we'll also reach out to defense, given the number of documents they may be okay with our submitting them, but we'll work it out with them.

THE COURT:  All right.

But if they need to be submitted under seal, just so we don't slowdown the process, you can give me a consent order as to what's going to be under seal and I'll sign it.

Okay?

MR. PARIKH:  Very good, Judge.

MR. GENOVA:  Thank you, Your Honor.

Good luck to your new law clerk.

THE COURT:  Yes.  He just passed out but we're going to revive him.

( Laughter ).

THE COURT:  He wasn't alive when this case started?

Okay.

( Laughter ).

THE COURT:  All right.

Thank you, counsel.

Have a nice weekend.

MR. GENOVA:  Thank you, Judge.

MR. KAUL:  Thank you, Judge.

MR. BURCHFIELD:  Thank you, Your Honor.

THE COURT:  Bye-bye.

( Court adjourned ).