

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.533.1112
Web: www.genovaburns.com

Angelo J. Genova, Esq.
Partner
Member: NY, NJ & PA Bar
agenova@genovaburns.com
Direct: 973-535-7100

November 24, 2017

VIA ECF FILING
Honorable John Michael Vazquez, U.S.D.J.
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re:  Democratic National Committee, *et al.*, v. Republican National Committee, *et al.*, Docket No.: 81-3876

Dear Judge Vazquez:

Because we are approaching December 1, 2017, the DNC writes to ask the Court to address the impact, if any, that the passing of that date will have on the instant enforcement action. In particular, the DNC respectfully requests that the Court make clear that the Consent Decree will be extended if this enforcement action results in a determination that the RNC violated the Consent Decree prior to December 1, 2017.

On December 1, 2009, Judge Debevoise issued an order stating that:

> The Consent Decree shall expire, and the entirety of its terms shall become null and void, on December 1, 2017, eight years after the date of this Order. If during the period between today's Order and December 1, 2017, the DNC proves by a preponderance of the evidence that the RNC has violated the terms of the Consent Decree, the Decree shall be extended for eight years from the date of that violation.

12/1/09 Order, Dkt. 96-22 at 3.

The DNC submits that this order should be read to indicate that the Consent Decree will be extended if *a violation* occurred prior to December 1, 2017. The DNC's interpretation that the occurrence of a violation (as opposed to a requirement that a violation be proven) prior to December 1, 2017, which would compel the Consent Decree's extension, is conceded by the RNC in its Counsel's Memo of September 22, 2016 which states:



Honorable John Michael Vazquez, U.S.D.J.
November 24, 2017
Page 2

        **IMPORTANT:** There are severe consequences for any violation of the Consent Decree, one of which will be a renewal of its provisions for another eight years. ***It is set to expire in 2017 (after nearly 4 decades) – but only if no violation occurs between now and then.***

(See RNC Counsel's Office Memo, attached as Exhibit A, p. 5) (emphasis in original).

        Indeed, that is the only plausible interpretation of Judge Debevoise's order. To read the order in a different manner—that is, to require that *litigation be resolved* by December 1, 2017— would permit the RNC to avoid an extension of the Consent Decree *even if the RNC violated the Consent Decree while it was in effect* simply because litigation was ongoing. Such an absurd conclusion cannot possibly have been what Judge Debevoise intended with his order.

        In the alternative, the DNC respectfully requests that the Court either (1) make clear that, if the DNC establishes that a violation of the Consent Decree took place prior to December 1, 2017, the Court will issue *nunc pro tunc* relief finding a violation prior to the termination of the Consent Decree and extending the Consent Decree; or (2) extend the Consent Decree until this enforcement action (including any appeal of this enforcement action) is conclusively resolved.

        Thank you for your consideration of this request.

        Respectfully submitted,

        **GENOVA BURNS LLC**

         /s/ *Angelo J. Genova*_____
        ANGELO J. GENOVA
AJG        *Counsel for Plaintiff DNC*

cc:    Rajiv D. Parikh, Esq. (via electronic mail)
       Marc E. Elias, Esq. (via electronic mail)
       Bruce V. Spiva, Esq. (via electronic mail)
       Joshua L. Kaul, Esq. (via electronic mail)
       Mark D. Sheridan, Esq. (via electronic mail)
       Mark Errico, Esq. (via electronic mail)
       Bobby R. Burchfield, Esq. (via electronic mail)
       Matthew M. Leland, Esq. (via electronic mail)
       Barrett R. H. Young, Esq. (via electronic mail)