

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.533.1112
Web: www.genovaburns.com

Angelo J. Genova, Esq.
Partner
Member: NY, NJ & PA Bar
agenova@genovaburns.com
Direct: 973-535-7100

December 14, 2017

**VIA ECF FILING**
Honorable John Michael Vazquez, U.S.D.J.        **UNDER SEAL AND CONFIDENTIAL**
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

    Re:    **Democratic National Committee, *et al.*, v. Republican National Committee, *et al.*, Docket No.: 81-3876**

Dear Judge Vazquez:

    I write to update the Court on the deposition of Sean Spicer and to request that the DNC be permitted to conduct additional discovery, as set forth below.

    **Spicer Deposition**. In his deposition, Mr. Spicer testified that he was not involved in any discussions regarding poll-monitoring or anti-voter-fraud efforts on Election Day in 2016, but several points established in his deposition support additional discovery.

    *First*, Mr. Spicer's testimony provides additional evidence that the Trump campaign's poll-monitoring operation was run out of the fifth floor of Trump Tower. As noted previously, *Politico* reported that the fifth floor "served as the nerve center of the campaign's poll-monitoring operation and data war room" on Election Day and that, "[o]n election night last year, Trump campaign operatives on the ground across the country were instructed to call into the war room on the fifth floor if they witnessed any 'voter fraud' at poll sites across the country." Dkt. 191-1 at 3 of 6. Consistent with that reporting, Mr. Spicer testified that he believes that, as the election approached, some of the Trump campaign's "data folks" began working on the fifth floor. Spicer Dep. ("Dep.") at 86:9-14 (attached as Exhibit A). On Election Day itself, he testified, the fifth floor had "campaign staff that liaised on … with the state field staff." Dep. at 61:5-21. And, Mr. Spicer believes it is accurate that the fifth floor was "the nerve center of the Trump [c]ampaign's poll monitoring operation and data war room on Election Day." Dep. at 92:5-21.

    *Second*, Mr. Spicer explained that "[m]ost of the data was RNC-driven" and that he believes the Trump campaign "utilized RNC data." Dep. at 94:1-9. Mr. Spicer testified that he does not know whether the Trump campaign used that data in connection with its poll-monitoring operation. Dep. at 94:10-13.



Honorable John Michael Vazquez, U.S.D.J.
December 14, 2017
Page 2

    *Third*, Mr. Spicer's testimony indicates that the RNC and Trump campaign made little effort to separate the RNC employees who worked out of Trump Tower from the poll-monitoring operation that was being orchestrated from the fifth floor of Trump Tower. According to Mr. Spicer, the RNC employees who at least sometimes worked at Trump Tower included Mr. Spicer; Mr. Spicer's assistant, Vanessa Morrone; Jason Chung, who ran some of the RNC's coalition work; Andy Hemming, who did rapid response work; Alex Stroman, who helped book Republicans on television; Lindsay Walters, the RNC's press secretary; and Raj Shah, who ran the RNC's research division. Dep. at 30:8-32:10, 83:10-85:19. While those employees worked on the fourteenth floor, Dep. at 83:10-85:19, and the poll-monitoring operation was based on the fifth floor, Mr. Spicer, asked if he had an understanding as to whether he was permitted to communicate with the data folks on the fifth floor, said that no one had told him not to talk to a particular individual. Dep. at 86:19-87:1. Mr. Spicer also testified that he did not have any instructions not to go to the fifth floor on Election Day, and he knows the RNC did not send out any such instructions because he double-checked with counsel to confirm that. Dep. at 69:7-21, 94:19-95:21. Further, Mr. Spicer said he did not see a sign instructing RNC employees not to go to the fifth floor and said the notion that there was such a sign is "ridiculous." Dep. at 96:13-21, 99:4-19. He added that he does not know if the door to the fifth floor was ever closed: "It was generally open so you could walk up and down." Dep. at 59:10-11. In short, *there was essentially no separation between the RNC employees who worked at Trump Tower and the Trump campaign's poll-monitoring operation*.

    *Fourth*, Mr. Spicer testified that then-RNC Chair Reince Priebus, like Mr. Spicer, was on the fifth floor of Trump Tower on Election Day. Dep. at 64:10-21. This testimony is consistent with a statement made to *GQ* by Matt Mowers, *see* Dep. Ex. 6 at 13 (attached as Exhibit B), who worked as the national field coordinator and battleground states director for the Trump campaign.[1]

    *Fifth*, there are discrepancies between Mr. Spicer's testimony and *Politico*'s reporting. Specifically:

- *Politico* reported that *four* people "who worked with Spicer on the campaign and at the RNC" said that "party employees were given strict instructions prohibiting them from going" to the fifth floor. Dkt. 191-1 at 3 of 6. As noted above, Mr. Spicer testified that he had received no such instructions and that he had confirmed with counsel that the RNC did not send such instructions. Dep. at 69:7-21, 94:19-95:21.

- *Politico*'s four sources also "recalled seeing large signs on one of the doors leading to the fifth floor reminding RNC staffers to keep out. 'It was a sign you can't miss,' recalled one person who spent election night in Trump Tower." Dkt. 191-1 at 3 of 6. Mr. Spicer said he did not see such a sign; the door on which such a sign could have been posted was

---

[1] *See* https://www.linkedin.com/in/mattmowers/ (last visited December 14, 2017).



Honorable John Michael Vazquez, U.S.D.J.
December 14, 2017
Page 3

> regularly left open; and the suggestion that there was a sign is "ridiculous." Dep. at 96:13-21, 99:4-19.

In addition, Mr. Spicer told *GQ*:

> A group of us gathered on the fifth floor of Trump Tower in what could be described as basically an oversized utility room. Stepien's going through key counties, Florida in particular—Broward, Miami Dade, southern Florida. What's in, what's not. I would say that at least through 7:30, 8 o'clock, it was a very cautiously optimistic view.

Ex. B at 13. In his deposition, however, Mr. Spicer said he went to the fifth floor "probably somewhere between 8:15 and 8:30." Dep. at 49:22-50:5. After being shown his statement in the *GQ* article, Mr. Spicer disputed that he was in the utility room on the fifth floor by 7:30. Dep. at 108:3-11. He asserted that the first three sentences in the quoted paragraph refer to events that took place in that room but that the fourth sentence (which mentions "7:30, 8 o'clock") was not a reference to events in the utility room. Dep. at 109:1-110:7.

**Request for Additional Discovery**. In light of the facts set forth above and the other evidence in this case, the DNC respectfully requests that the Court authorize the following additional discovery:

1.  **Deposition of Reince Priebus**. As set forth above, Mr. Priebus, who at the time was the Chair of the RNC, was on the fifth floor of Trump Tower on Election Day. The DNC submits that it should be permitted to question Mr. Priebus to determine whether he had any communications related to ballot-security efforts on Election Day. In addition, the DNC seeks to question Mr. Priebus on the material discrepancies noted above between Mr. Spicer's testimony and *Politico*'s reporting; given that Mr. Priebus was the Chair of the RNC and was present on the fifth floor of Trump Tower on Election Day, he should be able to testify directly to the pertinent points.[2]

2.  **Depositions of Mike Roman and Brad Parscale**. Mike Roman oversaw the Trump campaign's "election protection" efforts[3] and Brad Parscale was the Trump campaign's digital director.[4] Mr. Spicer said he saw Mr. Parscale on Election Day on the fourteenth floor of Trump Tower and that he does not know whether he saw Mr. Parscale on the fifth floor. Dep. at 30:8-

---

[2] If the Court grants this deposition, the DNC requests that the Court also permit questioning about Mr. Priebus's conversations with then-candidate Trump regarding voter fraud and efforts to prevent it (as the DNC previously requested).
[3] *See* https://www.theguardian.com/us-news/2016/oct/18/controversial-republican-mike-roman-to-run-donald-trumps-election-protection.
[4] *See* https://www.wired.com/2016/08/man-behind-trumps-bid-finally-take-digital-seriously/.

Case 2:81-cv-03876-JMV-JBC   Document 206   Filed 12/14/17   Page 4 of 5 PageID: 7237



Honorable John Michael Vazquez, U.S.D.J.
December 14, 2017
Page 4

31:18, 65:4-7. One of the statements Matt Mowers made to *GQ* indicates that Mr. Roman was on the fifth floor of Trump Tower on Election Day.[5]

As previously explained, the evidence indicates that the fifth floor of Trump Tower was the nerve center of the Trump campaign's poll-monitoring operation and data war room on Election Day. As the individuals in charge of the Trump campaign's "election protection" and digital efforts—and who both appear to have been at Trump Tower on Election Day—Mr. Roman and Mr. Parscale are presumably the people who are most likely to have been communicating with senior staff about poll-monitoring and anti-voter-fraud efforts. Depositions of these two individuals would thus allow the DNC to determine whether any of those communications involved Mr. Priebus or other RNC officials.

3.  <u>Mr. Spicer's Election-Day Pictures</u>. Mr. Spicer testified that he took pictures on Election Day, including while he was on the fifth floor of Trump Tower. Dep. at 74:21-76:5. The DNC requests that the Court order the RNC and/or Mr. Spicer to produce a copy of the pictures that he took on Election Day while he was at Trump Tower. These pictures will provide evidence as to who was present at Trump Tower, and who was on the fifth floor, on Election Day.

4.  <u>Additional Interrogatories</u>. The DNC also requests that it be permitted to serve interrogatories on the RNC to ascertain the following information: (a) whether RNC employees were given instructions prohibiting them from going to the fifth floor of Trump Tower on Election Day; (b) whether there were any signs on the fifth floor of Trump Tower indicating that RNC staff should not be on that floor; (c) which RNC employees were at Trump Tower on Election Day and whether any other RNC employees worked at Trump Tower at least once per week (on average) during the final months of the 2016 campaign; and (d) whether data from the RNC was used by the Trump campaign in connection to its poll-monitong and/or "election protection" efforts.

Thank you for your consideration of these requests.

Respectfully submitted,
**GENOVA BURNS LLC**

/s/ *Angelo J. Genova*
ANGELO J. GENOVA
*Counsel for Plaintiff DNC*

AJG

---

[5] *See* Ex. B at 14 ("At one point, Florida look like it was going to be really close. And then Don McGahn [campaign counsel], Stepien, Mike Roman [head of campaign's 'election protection' effort] were all [wondering] whether we were going to have to take the plane to Florida to prepare for a possible recount."); *see also id.* at 13 (statement of Mr. Spicer that "[a] group of us gathered on the fifth floor" and "Stepien's going through key counties, Florida in particular"). Mr. Spicer testified that he does not know who Mr. Roman is. Dep. at 116:3-5.

Genova Burns LLC
Newark, NJ  •  New York, NY  •  Camden, NJ  •  Red Bank, NJ  •  Philadelphia, PA  •  Jersey City, NJ  •  Washington, DC



Honorable John Michael Vazquez, U.S.D.J.
December 14, 2017
Page 5

Enclosure
cc:    Rajiv D. Parikh, Esq. (via electronic mail)
       Bruce V. Spiva, Esq. (via electronic mail)
       Joshua L. Kaul, Esq. (via electronic mail)
       Mark D. Sheridan, Esq. (via electronic mail)
       Mark Errico, Esq. (via electronic mail)
       Bobby R. Burchfield, Esq. (via electronic mail)
       Matthew M. Leland, Esq. (via electronic mail)
       Barrett R. H. Young, Esq. (via electronic mail)

14193368v1 (1856.006)