**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>REPUBLICAN NATIONAL COMMITTEE, *et al.*<br><br>Defendants. | Civil Action No.: 81-3876 (JMV) (JBC) |

## BRIEF IN SUPPORT OF REPUBLICAN NATIONAL COMMITTEE'S UNOPPOSED MOTION TO SEAL

Pursuant to the Order of the U.S. Court of Appeals for the Third Circuit dated August 24, 2018 and Local Civil Rule 5.3(c)(2), Defendant Republican National Committee requests that the Court seal one exhibit to Plaintiff Democratic National Committee's September 13, 2017 discovery motion (Dkt. No. 176, Ex. 5). The RNC requests protection of the document under seal only until after the conclusion of the next presidential election on November 3, 2020. The DNC does not oppose this motion.

### PROCEDURAL HISTORY

For years during litigation concerning the Consent Decree, the Court has protected the parties' sensitive election and campaign related documents from public disclosure. On October 29, 20104, the Court entered a protective order ensuring that "all documents produced or exchanged in the course of discovery in this litigation . . . shall be used solely for the purpose of this case." Order, Oct. 29, 2004 (Dkt. No. 16). On July 7, 2017, the Court further protected against public disclosure of any information the RNC considered "competitively sensitive." Order, July 7, 2017 (Dkt. No. 167). To prevent the harm that may be suffered by the RNC if its

election related documents were disclosed to the DNC's political operatives, the Court also limited the documents to "attorneys' eyes only" and also barred the DNC's counsel, Marc Elias, from accessing the material because of his political roles in the DNC and in other candidate campaigns. *See id*. Finally, the Court provided a procedure for disputing "competitively sensitive" designations of documents. *Id*.

This motion to seal concerns a presidential campaign strategy memorandum used in one of several discovery motions filed by the DNC since the 2016 election. On September 13, 2017, the DNC filed a letter motion under seal requesting supplemental discovery in support of its motion to extend the Consent Decree. *See* Letter from Angelo Genova (Sept. 13, 2018) (Dkt. No. 176). The RNC produced the memorandum during discovery and designated it "Confidential-Subject to Protective Order [and] Attorney's Eyes Only." *See id*. at Ex. 5. Although neither party filed a motion to seal the DNC's letter motion and exhibits, the document has remained under seal since the filing.

On January 8, 2018, after several discovery rulings, the Court ruled that the DNC did not prove by a preponderance of the evidence that the RNC violated the Consent Decree before December 1, 2017, and, further, that the Consent Decree had expired. *See* Order (Jan. 8, 2018) (Dkt. No. 213). The DNC appealed several of the Court's discovery orders. Both the DNC and RNC filed motions requesting that the Third Circuit seal certain portions of the record within the Joint Appendix, including the strategic memorandum used as part of the DNC's September 25, 2017 letter motion. The Third Circuit denied the motions without prejudice because no motion to seal had been filed in district court, and ordered the parties to file a motion to seal in the district court within 14 days if either party still sought protection of specific documents. *See* Order (Aug. 24, 2018) attached as Exhibit A.

**ARGUMENT**

Local Civil Rule 5.3(c) requires a showing of: (1) the nature of the document at issue; (2) the legitimate interest that warrants the relief sought; (3) the clearly defined injury resulting from disclosure; and (4) that a less restrictive alternative is not available.  *See* Local Civil Rule 5.3(c).

There is good cause to seal portions of briefs and records when it is necessary to protect a party's confidential proprietary business and competitive interests.  *See Mylan Inc. v. Smithkline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (granting motion to seal briefs and portions of the record containing competitively sensitive information from the underlying contract dispute).  Given the election related issues that are pervasive in this case, the RNC's competitive interests will be vulnerable if the strategic memorandum does not remain under seal.

*First*, the nature and content of the confidential strategy document requires protection from public disclosure.  *See Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. 2012) (holding there is a legitimate interest in preventing disclosure of trade secrets and competitive information).  The strategic memorandum is a confidential document written for campaign personnel and volunteers.  *See* Declaration of RNC Chief Counsel John Phillippe ¶ 4, attached as Exhibit B.  It explains several strategies and activities for election day and a potential recount.  *See id*.  The memorandum was circulated during the 2016 election, but contains several plans that are likely to be used in or may bear upon future elections. *See id*.  This includes the election for President of the United States in 2020. *See id*.

*Second*, the RNC has a strong interest in maintaining confidentiality of the document, and risks irreparable harm to its campaign programs in the event the document is disclosed.  *See Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *4 (sealing because disclosure would allow competitors to use information to gain advantage in the marketplace).  The RNC and DNC

compete vigorously for votes by registered voters in federal, state, and local elections. To secure those votes, the parties expend financial resources and engage staff, volunteers, independent contractors, and vendors in GOTV activities that are the product of confidential strategic decisions by RNC and campaign officers and personnel. *See* Phillippe Decl. ¶ 3. These strategies are still relevant and likely to be implemented again during the 2020 general election. *See id*. at ¶ 5. Therefore, the RNC will suffer a competitive disadvantage by the disclosure of Republican campaign strategic priorities, election activities, and allocation of resources. DNC operatives (and others) will be able to reallocate resources to address Republican strategic decisions, which is a key reason the RNC guards them closely. *See id*. at ¶¶ 3, 5.

*Third*, there is no less restrictive alternative to sealing the strategic memorandum in its entirety. The document provides step-by-step procedures throughout each of its pages that are to be carried out by staff and volunteers in the days before, on, and after election day. *See id*. at ¶ 4. The DNC also has never objected to the RNC's designation of the entire document as confidential. Finally, there would be only a minimal effect on the public's right to access the information litigated in this case because the RNC requests protection for only *one* of the several documents used in the DNC's discovery motions during 2017 and 2018.

## CONCLUSION

The RNC urges the Court to grant the DNC's motion to seal and protect the strategic document from disclosure until after November 3, 2020, which is the date of the next general election in the race for the Office of the President of the United States.

September 6, 2018                                    /s/ Mark D. Sheridan

Bobby R. Burchfield
Matthew M. Leland
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, D.C. 20006
Telephone: (202) 626-5524
Email: bburchfield@kslaw.com

Mark D. Sheridan
SQUIRE PATTON BOGGS (US) LLP
The Legal Center
One Riverfront Plaza
1037 Raymond Boulevard
Newark, New Jersey  07102
Telephone: (973) 848-5681
Email: mark.sheridan@squirepb.com

*Attorneys for Defendant Republican National Committee*